■ LEONARD MASTRO, Respondent, v PETER MAIORINO et al., Defendants, and TOWN OF OYSTER BAY, Appellant. (Action No. 1.) PETER MAIORINO et al., Plaintiffs, v LEONARD MASTRO, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant; TOWN OF OYSTER BAY, Third-Party Defendant-Appellant. (Action No. 2.)—In two related actions to recover damages for personal injuries and wrongful death, the Town of Oyster Bay, a defendant in Action Number 1 and a third-party defendant in Action Number 2 appeals from an order of the Supreme Court, Nassau County (Lockman, J.), entered December 20, 1989, which denied its motion for summary judgment dismissing the complaint in Action Number 1 insofar as it is asserted against it, the third-party complaint in Action Number 2 insofar as it is asserted against it, and all cross claims against it.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the complaint in Action Number 1 and the third-party complaint in Action Number 2 are dismissed insofar as they are asserted against the Town of Oyster Bay, all cross claims against it are dismissed, and Action Number 1 against the remaining defendants is severed.

In order to make out a prima facie case of negligence, a plaintiff must first establish the existence of a duty owed *(see, Solomon v City of New York,* 66 NY2d 1026, 1027; *Akins v Glen Falls City School Dist.,* 53 NY2d 325, 333). Highway Law § 327 provides: "The town board of any town * * * may * * * provide for lighting dangerous portions of any road or highway * * *. The board may * * * at any time discontinue the lighting of any road". Thus, the Town is under no duty to provide lighting on public highways *(see, Bauer v Town of Hempstead,* 143 AD2d 793; *Dodd v Warren,* 132 Misc 2d 541).

In the absence of any duty to provide lighting, and in view of the Town's authority to discontinue, at any time, any lights which the Town, at its discretion, chose to install, there can be no liability for failure to maintain such lighting once installed, for a failure amounts to nothing more than the "withholding [of] a benefit" *(Moch Co. v Rensselaer Water Co.,* 247 NY 160, 167). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.