■ JACQUELINE HUTCHINSON, Appellant, v BETH CAB CORP. et al., Respondents. [612 NYS2d 10] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about September 27, 1993, which granted plaintiff's motion to reargue defendants' motions for summary judgment and, upon reargument, adhered to the orders entered on or about March 16 and April 7, 1993, dismissing the complaint as against all of the defendants, unanimously affirmed, without costs. The appeals from the orders of March 16 and April 7, 1993 are unanimously dismissed as superseded by the appeal from the order of September 27, 1993, without costs.

Plaintiff failed to make out a prima facie case of "serious injury" within the meaning of Insurance Law § 5102 (d). Although both of her physicians predicted that her scar, restriction of movement, and tenderness in the right knee and cervical sprain would be permanent, neither suggested that such injuries amount to a permanent loss of a bodily organ or system, as plaintiff claims. Nor was there any competent medical evidence to support plaintiff's claim that she sustained a significant limitation of use of a body organ or member. While plaintiff's physicians indicated that she had restricted movement in her head, neck, back and right knee, they did not indicate the extent thereof, and the claim was contradicted by defendant's physicians, one of whom found no restriction and the other only a moderate limitation that plaintiff caused voluntarily. Even assuming that a restriction were demonstrated, plaintiff failed to raise an issue that it was "significant" within the meaning of the statute (see, Waldman v Dong Kook Chang, 175 AD2d 204).

Nor did plaintiff raise an issue that the laceration above her right eyebrow is a "significant disfigurement" within the meaning of the statute, i.e., one that "a reasonable person would view * * * as unattractive, objectionable, or as the subject of pity or scorn" (Landsman v Bunker, 142 AD2d 986). While plaintiff's surgeon described the laceration as a permanent "cosmetically significant scar", her treating physician described it as a laceration, defendant's physicians described it as a "two-inch healed laceration within an area of depression" and a "laceration" that "healed with a good cosmetic result", and photocopies of photographs of the laceration bear out the latter descriptions.

Finally, plaintiff's claim that, since the accident, she has been unable to perform her usual daily activities is wholly conclusory. We note that the affidavits of plaintiff's physicians were not accompanied by any exhibits and do not purport to describe the future course of treatments, making their assertions of a serious injury conclusory and insufficient to raise an issue in that regard (see, Lopez v Senatore, 65 NY2d 1017, 1019-1020). Concur—Carro, J. P., Wallach, Rubin and Nardelli, JJ.