■ CATHERINE DAN et al., Appellants, v NOEL A. LUKE et al., Respondents. [655 NYS2d 366] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about January 23, 1996, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court properly granted summary judgment to defendants, who predicated their motion upon, *inter alia*, plaintiff's bill of particulars and various X-ray, MRI and other reports prepared and signed by plaintiff's treating physicians (*see, Deangelo v Marcia Serv. Corp.*, 199 AD2d 58). These submissions established that there is no merit to plaintiff's claim of "serious injury" within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955; *Lopez v Senatore*, 65 NY2d 1017). Moreover, the court properly determined that plaintiff's letter and a report prepared by two of plaintiff's treating physicians were inadmissible because they were unsworn and had not been affirmed (*see*, CPLR 2106; *McLoyrd v Pennypacker*, 178 AD2d 227, *lv denied* 79 NY2d 754). In any event, these documents do not demonstrate that plaintiff suffered a "serious injury" within the meaning of section 5102 (d). Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD MITCHELL, Appellant. [655 NYS2d 366] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered January 28, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years, unanimously affirmed.

The trial court appropriately exercised its discretion in closing the courtroom during the testimony of the undercover officer, based on the officer's testimony at the *Hinton* hearing that she was actively engaged in ongoing undercover operations in the area of the instant arrest and had been threatened by drug dealers in the past (*People v Lugo*, 233 AD2d 964).

The trial court's instructions to the jury regarding consideration of evidence of defendant's prior convictions only for the purpose of evaluating his credibility did not imply that defendant's testimony was unworthy of belief (*People v Cruz*, 201 AD2d 305, *lv denied* 83 NY2d 870). Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.