■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES QUINONES, Appellant. [670 NYS2d 14] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered August 31, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. According due deference to the jury's credibility determinations regarding defendant's agency defense (*see, People v Lam Lek Chong*, 45 NY2d 64, 74, *cert denied* 439 US 935), we find that there was ample evidence negating that defense, including evidence that defendant, a stranger to the undercover officer, accepted the officer's order for a particular "brand" of heroin, ascertained the amount requested, escorted the officer to the individual who conducted the exchange of drugs for buy money, and remained at the scene during and after the sale (*see, People v Thomas*, 227 AD2d 196, *lv denied* 88 NY2d 943).

The court properly directed limited closure of the courtroom during the testimony of the undercover officer, based on the officer's testimony at the *Hinton* hearing that he was actively engaged in ongoing undercover operations in the area of the instant arrest, that the police were then seeking individuals involved in prior sales of drugs to the undercover officer at that location, and that the officer had received threats from drug dealers in the past (*People v Mitchell*, 237 AD2d 165, *lv denied* 90 NY2d 861, 1013).

Since defendant acquiesced in the court's ruling that defendant would be granted an additional half-hour adjournment, rather than the half-day adjournment requested, and indicated a willingness to proceed in accordance with that ruling, he has not preserved his current claim that the court's ruling denied

him the right to confer with counsel for the purpose of presenting testimony in his defense (CPL 470.05; *People v Gonzalez*, 233 AD2d 190, *lv denied* 89 NY2d 1093). In any event, since the record supports the court's finding that defense counsel had adequate opportunity to prepare the defense, the grant of an additional half hour, mid-trial, for defense counsel to confer with defendant regarding his proposed testimony was an appropriate exercise of discretion (*see, People v Foy*, 32 NY2d 473, 476). Concur—Sullivan, J. P., Milonas, Williams, Andrias and Saxe, JJ.