■ NILI ALCALAY et al., Respondents, v TOWN OF NORTH HEMPSTEAD et al., Appellants. [690 NYS2d 739] —In an action, *inter alia,* to recover damages for wrongful death, etc., (1) the defendants Town of North Hempstead and County of Nassau separately appeal from so much of an order of the Supreme Court, Nassau County (Joseph, J.), entered March 12, 1998, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant Kevin J. Brady appeals from so much of the same order as denied his motion for summary judgment dismissing so much of the complaint and all cross claims as arose from injuries sustained by Sivan Alcalay insofar as asserted against him, and (2) the Town of North Hempstead appeals, as limited by its brief, from so much of an order of the same court entered June 30, 1998, as, upon granting its motion for reargument, adhered to the original determination.

Ordered that the appeal of the defendant Town of North Hempstead from the order entered March 12, 1998, is dismissed, as so much of the order as denied the motion of that defendant was superseded by the order entered June 30, 1998, made upon reargument; and it is further,

Ordered that the order entered March 12, 1998, is modified, on the law, by deleting the provision thereof denying the motion of the defendant Kevin J. Brady and substituting therefor a provision granting that defendant's motion; as so modified, the order entered March 12, 1998, is affirmed insofar as reviewed, so much of the complaint and all cross claims as arose from the injury sustained by Sivan Alcalay are dismissed insofar as asserted against the defendant Kevin J. Brady, and the action against the remaining defendants is severed; and it is further,

Ordered that order entered June 30, 1998, is reversed insofar as appealed from, on the law, the motion of the Town of North

Hempstead for summary judgment is granted, the complaint and all cross claims are dismissed insofar as asserted against it, the complaint against the remaining defendants is severed, and so much of the order entered March 12, 1998, as denied the motion of the defendant Town of North Hempstead is vacated; and it is further,

Ordered that the Town of North Hempstead and Kevin J. Brady are awarded one bill of costs payable by the plaintiffs and the County of Nassau. .

Reut Admoni and Sivan Alcalay were pedestrians on I.U. Willets Road, in the Town of North Hempstead. They encountered vegetation on the shoulder of the north side of the road and attempted to cross to the sidewalk located on the south side, at a point 25 to 30 feet from its intersection with Searingtown Road. While crossing the eastbound lane, they were struck by a van driven by the defendant Kevin J. Brady. Admoni was killed and Alcalay was injured. The accident was the twentieth motor vehicle accident reported for this intersection in three years. The plaintiffs alleged, *inter alia*, that the Town and the County negligently designed and maintained the road.

The defendant Kevin J. Brady moved for partial summary judgment on the ground that Alcalay failed to sustain a serious injury within the meaning of Insurance Law § 5102. In opposition, the plaintiffs submitted, *inter alia*, medical records which contained doctors' opinions that Alcalay sustained a small fracture of her left knee and bilateral knee chondromalacia. However, the record indicates that one doctor diagnosed bilateral knee chondromalacia on a date prior to the subject accident, and that Alcalay was involved in two other injury-producing accidents close to the date of the subject accident and before the dates of her medical examinations herein. As a result, the plaintiffs' submissions failed to demonstrate that the subject car accident constituted a proximate cause of the claimed injuries (*see, Cacaccio v Martin,* 235 AD2d 384). Additionally, the plaintiffs failed to submit competent medical evidence to support Alcalay's contention that she suffered post traumatic stress disorder.

The Town submitted sufficient evidence to show that it did not own or control the situs of the accident and this evidence was not refuted by the plaintiffs. The Town, therefore, established its entitlement to judgment as a matter of law (*see, Silver v Cooper,* 199 AD2d 255; *Maestro v Maiorino,* 174 AD2d 654).

The County failed to submit evidence to show that it owed no duty to the plaintiffs and thereby failed to establish a prima

facie showing its entitlement to judgment as a matter of law (*see generally, Weiss v Fote,* 7 NY2d 579; *Silver v Cooper, supra*). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.