■ MARIA MANRIQUE, Plaintiff, and CONCEPCION MANRIQUE, Respondent, v WARSHAW WOOLEN ASSOCIATES, INC., et al., Appellants. [747 NYS2d 451]

Plaintiff sisters were allegedly struck in the crosswalk at 63rd Street and Third Avenue in Manhattan by an automobile owned and operated by defendants when the motor vehicle was driven in reverse gear and in the wrong direction on Third Avenue, exceeding the speed limit and running a red light. The IAS court properly denied the owner's motion for summary judgment since the grounds on which the motion was brought were either unfounded or involved disputed issues of material fact, so we affirm.

Defendants' motion was properly denied since plaintiff pre-

sented objective evidence, through the submission of a sworn affidavit from her treating podiatrist, Dr. Dimitrov, coupled with plaintiff's verified bill of particulars, demonstrating the existence of a triable issue of fact as to whether she sustained serious injury within the meaning of section 5102 (d) of the Insurance Law, including whether she was unable to perform substantially all of her daily activities for at least 90 out of 180 days following the accident (*see Schifano v Golden*, 268 AD2d 335; *compare Sherlock v Smith*, 273 AD2d 95).

On their motion for summary judgment, defendants argued that plaintiff had not sustained a "serious injury," relying upon the unsworn report of plaintiff's treating orthopedic surgeon, Dr. Nachamie, and plaintiff's bill of particulars. Specifically, defendants argued that plaintiff could not establish a "serious injury" since: (1) plaintiff's failure to allege any statutory category constituted an admission of her failure to qualify under *any* of the specific categories of injury; (2) plaintiff's reliance on subjective evidence was fatal to her claim; and (3) the absence of objective medical findings meant that plaintiff could not sustain a "serious injury" claim.

Plaintiff's "admission" that she sustained a major injury did not constitute an implied negative admission. Whether she can demonstrate the existence of a compensable serious injury depends on the quality, quantity and credibility of admissible evidence. Since plaintiff submitted, in admissible form, medical findings by her podiatrist documenting serious injuries to plaintiff's left foot, the latter two arguments for granting defendant summary judgment are likewise unavailing.

Defendants established their prima facie case for summary judgment since the surgeon's report did not document any serious injury and the bill of particulars only made conclusory statements (*see Conahan v Sanford*, 284 AD2d 749, 750-751; *Toure v Avis Rent A Car Sys.*, 284 AD2d 271, 274). While we agree with the dissent that defendants met their burden of proof, we part ways on whether plaintiff demonstrated triable issues of fact in plaintiff's affirmation in opposition. The dissent identifies several supposed flaws in the evidence submitted by plaintiff: Dr. Dimitrov does not make a finding regarding causation, does not state whether the injuries are permanent and does not note any restriction of range of motion. The dissent also finds fault with plaintiff's failure to submit medical findings contemporaneous with the accident proving her serious injuries.

A delay in examining goes to the weight to be given a medical opinion and is properly for a jury (*Cassagnol v Williams-*

*burg Plaza Taxi*, 234 AD2d 208). The central thrust of defendants' motion for summary judgment was that plaintiff impliedly admitted she had not suffered a serious injury and that this "admission" was confirmed by a lack of objective medical findings and the trivial nature of the injuries claimed. In the context of those issues as actually framed by defendants in their motion, plaintiff clearly met her burden by submitting proof in admissible form which, if believed, establishes that she has sustained objectively verifiable injuries to her left foot including: (1) bursitis of the metatarsal joints; (2) pronation (collapse of the medial longitudinal arch) noting that the disability existed despite physical therapy treatments; and (3) neuritis secondary to the 2 by 4 centimeter scar (*see Noble v Ackerman*, 252 AD2d 392, 394; *Adetunji v U-Haul Co. of Wis.*, 250 AD2d 483). It is obvious from the title and narrative of Dr. Dimitrov's report that these injuries resulted from the accident which gave rise to this action. These injuries are neither trivial nor "non-serious." They constitute objective evidence of plaintiff's serious injuries and were sufficient to defeat defendant's motion for summary judgment (*Schifano v Golden*, 268 AD2d 335).

Neither causation nor duration were the stated grounds or focus of defendants' motion, although both unpreserved arguments were belatedly made in defendant's reply and have received much attention on this appeal. Our role is issue finding and not issue resolving. The obvious conflict between the findings and opinions of plaintiff's surgeon, Dr. Nachamie, and plaintiff's podiatrist, Dr. Dimitrov, creates issues of fact which are properly resolved by a jury. While plaintiff may not have the strongest claim and while it may ultimately be found, as argued at length by the dissent, that plaintiff's evidence of injury lacks credibility, that function is for a factfinder at the trial level and not this Court. Concur—Saxe, J.P., Buckley and Lerner, JJ.

Friedman and Marlow, JJ., dissent in a memorandum by Marlow, J., as follows: On the afternoon of August 16, 1999, pedestrians Concepcion Manrique and her sister Maria Manrique were struck by a motor vehicle owned by defendant Warshaw Woolen Associates, Inc. and operated by defendant Bhakeram Ratibhan (collectively referred to as defendants) while crossing Third Avenue at 63rd Street in Manhattan. The Manrique sisters commenced separate actions against defendants, which were consolidated. This appeal involves only the complaint of Concepcion Manrique (hereinafter referred to as plaintiff).

Plaintiff alleged in her complaint that she had sustained a serious injury as defined by Insurance Law § 5102 (d). In her amended bill of particulars, plaintiff complained of "permanent headaches, left leg and ankle ache and back pain." She stated that she was in the hospital on the day of the accident and confined to bed for several more days. She claimed to be unable to go outside for approximately one week after being released from the hospital, and as of March 21, 2000, the date of her amended bill of particulars, was unable to return to her employment. Plaintiff further claimed that she "incurred a major injury to my ankle" and "suffer[ed] from having seen my sister lying lifeless in the street."

Defendants moved for summary judgment on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of the motion, defendants relied on plaintiff's amended bill of particulars which, they maintained, failed to meet the serious injury threshold. In addition, defendants submitted a narrative report of Dr. Benjamin A. Nachamie, plaintiff's orthopedic surgeon, who treated her twice in June 2000, 10 months after the accident.

Dr. Nachamie stated that x-rays of plaintiff's foot and ankle were normal, and that her feet and ankles move "well and equally." He further observed:

"Although [plaintiff claims that] 'everything hurts' there is a paucity of findings. When she does not realize she is [being] observed she walks briskly. She jumps on and off the exam table and stands on her toes well.

"There is an excellent range of motion of the back and neck."

Dr. Nachamie concluded that plaintiff "had a contusion of the left leg from which she appears fully recovered."

In opposition, plaintiff's attorney affirmed that the bill of particulars supported a claim of serious injury to plaintiff's ankle and a 90/180-day injury (Insurance Law § 5102 [d]). In support of the latter claim, plaintiff relied on her amended bill of particulars in which she claimed that she was unable to return to work since the date of the accident.

Plaintiff also submitted a report, given under oath, of her podiatrist, Dr. Nadya Dimitrov, who examined her on January 10, 2001, a year and a half after the accident. Dr. Dimitrov confirmed the findings of plaintiff's orthopedic surgeon, indicating that plaintiff walked normally with no noticeable alteration in gait and that "range of motion of the foot and ankle joints is supple and within normal limits." Dr. Dimitrov noted a "col-

lapse of the medial longitudinal arch" with significant pronation greater on the left side than the right. With respect to plaintiff's vascular evaluation, Dr. Dimitrov noted "the area of scar, on the dorsal and lateral midfoot, 2 × 4 cm [in] size, is hypopigmented."

Plaintiff also contended that her "zone of danger" claim was independent of her serious injury claim and could not be dismissed on this motion.

In reply, defendants' counsel argued that absent competent medical proof, plaintiff's self-diagnosis of injuries and disability from employment were insufficient to defeat the motion. Counsel also pointed out plaintiff's failure to include any medical documentation immediately following the accident or any medical evidence which causally connected plaintiff's claimed injuries to the accident. Finally, counsel claimed that plaintiff could not pick and choose which causes of action were subject to dismissal on the motion.

The IAS court denied defendants' motion.

In order to sustain a cause of action for pain and suffering under the Insurance Law, a plaintiff must allege and prove that she sustained a "serious injury." The threshold for recovery is set forth in Insurance Law § 5102 (d) as follows: " 'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

Defendants have the initial burden to establish a prima facie case that plaintiff's injuries were not serious as defined by the Insurance Law. The burden then shifts to plaintiff to come forward with sufficient evidence of the existence of a triable issue of fact as to whether a serious injury exists (*see Gaddy v Eyler*, 79 NY2d 955, 956-957). Failure to meet the serious injury threshold requires the granting of summary judgment and the dismissal of the complaint (*see Licari v Elliott*, 57 NY2d 230, 238, 240).

Initially, we find that defendants met their burden by relying on plaintiff's amended bill of particulars and on a signed

report of Dr. Nachamie, plaintiff's own doctor (*see Dan v Luke*, 237 AD2d 165). Notably, Dr. Nachamie found that plaintiff's feet and ankles, instead of being restricted in range of motion, moved "well and equally" and further observed that when plaintiff realized she was not being observed she walked "briskly." The report is also significant in its omission of any mention of scarring, any opinion that any of plaintiff's injuries were permanent in nature, any opinion that plaintiff's injuries were such that she was prevented from performing any of her usual and customary activities for not less that 90 days during the first 180 days immediately following the accident, or any finding that the injuries of which she complained were causally related to the accident. Rather, Dr. Nachamie noted a fresh bruise over plaintiff's right knee and concluded that plaintiff had a contusion on her left leg which was fully resolved.

In response to defendant's proof, plaintiff argues that Dr. Dimitrov's sworn report raises questions of fact regarding permanent significant limitation and significant disfigurement and that her amended bill of particulars raises a question of fact regarding her claim that she sustained a 90/180-day injury. In addition, in contrast to her claim before the IAS court, plaintiff now argues on appeal that her "proof as to psychological and emotional injury—i.e., her post-traumatic stress disorder—raises a question of fact on the issue of 'serious injury.'" Setting aside the fact that plaintiff raised absolutely no claim in her bill of particulars regarding scarring, zone of danger, or posttraumatic stress disorder, these claims, as well as her other serious injuries claims, are without merit.

Plaintiff's opposition is insufficient to raise a triable issue of fact. Furthermore, under circumstances like these where the record contains inadequate medical proof to sustain plaintiff's serious injury claim within the meaning of Insurance Law § 5102 (d), I also find it noteworthy—albeit not determinative—that plaintiff failed, without explanation, to submit any medical proof contemporaneous with the accident, or, for that matter, within a reasonable time thereafter, concerning any of her alleged injuries (*see Passarelle v Burger*, 278 AD2d 294; *Jimenez v Kambli*, 272 AD2d 581, 582). Indeed, it is clear that Dr. Dimitrov's examination of plaintiff on January 10, 2001, a year and a half after the accident, was conducted solely in response to defendants' summary judgment motion. In addition to the lack of any findings contemporaneous with the accident, Dr. Dimitrov's report, submitted in opposition to defendants' motion, is itself deficient in several respects. Specifically, the report fails to causally relate plaintiff's fallen arch to the

accident. This is particularly troubling since it appears that plaintiff's foot problem is bilateral, and there is no complaint in this record that her right foot was injured as a result of the accident. Plaintiff's doctor's failure to address or explain the bilateral nature of her injury, where the claimed injury from the accident only involved one foot/ankle, is insufficient to raise a triable issue of fact that the accident was the proximate cause of plaintiff's injuries (*see Alcalay v Town of N. Hempstead*, 262 AD2d 258, *lv dismissed* 94 NY2d 796; *see also Komar v Showers*, 227 AD2d 135 [examining physician's report based on a recent medical examination has no probative value in the absence of objective medical evidence which connects the injuries and subjective complaints to the accident]).

Moreover, Dr. Dimitrov failed to offer any medical opinion that the nature of plaintiff's injuries is permanent. Indeed, conclusory assertions of permanency that are tailored to meet statutory requirements are insufficient to establish serious injury (*see Lopez v Senatore*, 65 NY2d 1017). Here, plaintiff's doctor did not even make a conclusory assertion of permanence. Dr. Dimitrov also failed to note any restriction of range of motion. Significantly, Dr. Dimitrov found plaintiff's range of motion of the foot and ankle joints within normal limits. It is axiomatic that the mere allegation that a person has a limitation of range of motion is insufficient to establish a serious injury in the absence of any indication of the extent and degree of the purported decrease in the range of motion. Accordingly, plaintiff has failed to raise a triable issue of fact as to permanent consequential limitation of use of a body organ or member or even significant limitation of use of a body function or system.

Plaintiff's separate claim that she was out of work since the date of the accident did not warrant denial of the motion. To begin with, there is no indication in any of plaintiff's proof as to how any alleged injury limited her ability to perform her usual and customary activities within the 90/180-day period. This of course comes as no surprise since both of her doctors, with commendable candor, stated later that she walks normally and without any assistance. Plaintiff's self-serving claim that she could not return to work as a result of the accident is insufficient, without more, to withstand a defendant's summary judgment motion. Rather, to raise a triable issue of fact with respect to a claim that plaintiff was unable to perform substantially any of the material acts which constitute her usual and customary activities for not less than 90 days during the first 180 days immediately following the accident, the claim

"should be supported by a physician's affidavit substantiating that the plaintiff's alleged impairment was attributable to a medically determined injury" (*Sherlock v Smith*, 273 AD2d 95, 95; *accord Sigona v New York City Tr. Auth.*, 255 AD2d 231). Here, the medical reports submitted both in support of and in opposition to the motion were based on medical examinations which took place well beyond the initial 180-day period immediately following the accident. Notably, neither doctor commented on plaintiff's condition during the initial 90/180-day period.

Plaintiff's remaining claims of significant disfigurement and psychological injury are equally unavailing. The only evidence in the record of any scarring is a notation in Dr. Dimitrov's report that the scar is "on the dorsal and lateral" midfoot and is 2 by 4 centimeters in size (approximately $3/4$ inch by $1 \frac{1}{2}$ inch). Plaintiff submits no other details regarding a more specific location of the scar, which foot it is on, or a picture of the scar to raise an issue of fact as to significant disfigurement.

The standard of determining significant disfigurement within the meaning of the Insurance Law is whether a reasonable person would view the condition "as unattractive, objectionable, or as the subject of pity or scorn" (*Hutchinson v Beth Cab Corp.*, 207 AD2d 283, 283, quoting *Landsman v Bunker*, 142 AD2d 986). Plaintiff's reliance on *Hutchinson* is misplaced. There, even though the plaintiff's surgeon described the two-inch laceration, located above plaintiff's eyebrow, as a "cosmetically significant scar" (*id.* at 284), this Court nevertheless found that the plaintiff failed to raise an issue of fact that the laceration was a significant disfigurement under the Insurance Law. Here, significantly, plaintiff's scar is not appreciably larger than that in *Hutchinson*, and unlike *Hutchinson,* where the scar was located on the plaintiff's visible facial area, here, plaintiff's scar is located somewhere on her midfoot.

Having abandoned her "zone of danger" claim, plaintiff now asserts, for the first time on appeal, that her proof as to psychological and emotional injury is sufficient to raise a material issue of fact as to serious injury. The only "proof" of this claim in the record is, presumably, plaintiff's statement in her amended bill of particulars that she suffered from having seen her sister lying lifeless in the street. While no thoughtful person would lack sympathy for a plaintiff who finds herself viewing her loved one in that circumstance, the record is completely bereft of any competent medical evidence that plaintiff sustained any psychological or emotional injury as a result of the accident. Therefore, plaintiff has utterly failed to

point to any triable issue on this claim (*see Alcalay*, 262 AD2d at 259).

As plaintiff has been unable to raise any material issues of fact regarding her serious injury claim, I conclude the Supreme Court erred when it denied defendants' motion for summary judgment dismissing the complaint.