■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNEDY BROWN, Appellant. [934 NYS2d 414]—

The trial court did not deprive defendant of his constitutional right to counsel and to properly prepare a defense when it denied his eve of trial pro se motion to relieve his second appointed counsel and to substitute new counsel. An indigent criminal defendant must demonstrate "good cause" for the appointment of substitute counsel, such as a conflict of interest or other irreconcilable conflict, and is not entitled to the appointment of successive lawyers at his or her option (*People v Sides*, 75 NY2d 822, 824 [1990]). There were no allegations in defendant's pro se motion that would require the trial court to engage in a minimal inquiry of defendant as to the nature of his disagreement with counsel or its potential for resolution (*see People v Porto*, 16 NY3d 93, 100-101 [2010]). In any event, although the trial court initially stated that it would deny the motion because it had previously told defendant that it would not substitute counsel a second time, it thereafter allowed defense counsel to address the issue on consecutive days. Counsel did not demonstrate good cause for substitution. While he stated that he had not had an adequate opportunity to consult with

defendant and asked for a one-week, then a two-day adjournment to prepare for the suppression hearing and trial, he did not indicate any conflict with defendant. Significantly, the trial court afforded defense counsel a sufficient opportunity to consult with defendant, both before and during the suppression hearing, and between the hearing and trial, to provide defendant with meaningful representation.

Defendant failed to preserve his argument that he was deprived of counsel by the court's refusal to grant adjournments for the periods of time his counsel requested, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see *United States v Cronic*, 466 US 648 [1984]; *Matter of Jeffrey V.*, 82 NY2d 121, 126 [1993]). Whether to grant an adjournment lies in the sound discretion of the trial court (see *People v Spears*, 64 NY2d 698, 699-700 [1984]), and the exercise of that discretion in denying or partially granting an adjournment will not be disturbed absent a showing of prejudice (see *People v Struss*, 79 AD3d 773, 774 [2010]; *People v Jones*, 299 AD2d 162 [2002], *lv denied* 99 NY2d 583 [2003]). Defendant was afforded a meaningful opportunity to consult with his attorney and therefore has shown no prejudice (see e.g. *People v Quinones*, 248 AD2d 151, 151-152 [1998], *lv denied* 92 NY2d 859 [1998]). The court granted defense counsel almost a full day to consult with his client in preparation for the hearing; defendant effectively received more than the two-day adjournment he last requested and more than the one-week adjournment he initially sought for trial preparation.

To the extent the record permits review, we find that defendant received effective assistance of counsel under both the federal and state standards (*People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see Strickland v Washington*, 466 US 668 [1984]). Viewed in totality, defense counsel provided meaningful representation, thoroughly cross-examining witnesses, lodging a number of pertinent objections during both the suppression hearing and the trial, and presenting cogent arguments for suppression and in support of the misidentification defense (see *People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Nor does this case fall within the category of those rare cases where a single error in an otherwise competent representation of a defendant is so egregious and prejudicial that it deprives the defendant of a fair trial (see *Turner*, 5 NY3d at 480; *People v Brown*, 17 NY3d 742, 743-744 [2011]). In any event, given the overwhelming evidence of guilt, we find that defendant was not prejudiced by any of counsel's alleged omissions (see *Strickland*, 446 US at 694; *People v Caban*, 5 NY3d 143 [2005]).

Defendant failed to preserve his argument that there was insufficient evidence that he was armed with a deadly weapon in the course of the commission of the crime or of immediate flight therefrom, as required for robbery in the first degree (*see* Penal Law § 160.15 [2]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The evidence supports the inference that defendant's magazine was in his pistol at the time of the robbery, but that the magazine dislodged from the pistol when defendant threw the weapon to the ground as he fled.

Defendant failed to preserve his constitutional challenge to his sentencing as a persistent violent felony offender (Penal Law § 70.08), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see People v Bell*, 15 NY3d 935 [2010], *cert denied* 563 US —, 131 S Ct 2885 [2011]). Further, in view of defendant's extensive criminal history of robberies and the violent nature of this armed robbery, we perceive no basis for reducing the sentence (*see People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]). Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ.