Nicholas T. v Town of Tonawanda (2023 NY Slip Op 00784)

Nicholas T. v Town of Tonawanda

2023 NY Slip Op 00784

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1013 CA 21-01454

[*1]NICHOLAS T., AS PARENT AND NATURAL GUARDIAN OF R.D., NICHOLAS T., AS ADMINISTRATOR OF THE ESTATE OF JENNIFER D., DECEASED, AND MARK BAILEY, PLAINTIFFS-APPELLANTS,
v
TOWN OF TONAWANDA, TOWN OF AMHERST, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

FEROLETO LAW, BUFFALO (JILL WNEK OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
WALSH, ROBERTS & GRACE, BUFFALO (JOSEPH H. EMMINGER, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT TOWN OF TONAWANDA.
HURWITZ FINE P.C., BUFFALO (STEPHEN M. SORRELS OF COUNSEL), FOR DEFENDANT-RESPONDENT TOWN OF AMHERST. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered October 6, 2021. The order granted the motions of defendants Town of Tonawanda and Town of Amherst to dismiss the complaint and all cross claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Jennifer D. (decedent) was killed when she was struck by a vehicle while crossing Niagara Falls Boulevard, which comprises the boundary between defendants Town of Tonawanda and Town of Amherst (collectively, Towns). Insofar as relevant here, plaintiffs, one of whom is decedent's son and the other of whom is the administrator of decedent's estate and the parent and natural guardian of decedent's infant daughter, commenced this negligence action against the Towns, among others, alleging that they negligently permitted a dangerous condition to exist on Niagara Falls Boulevard. Each Town moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint against it on the ground that the road is a state highway and thus the Towns had no duty of care regarding the road. Plaintiffs appeal from an order granting the motions, and we affirm.
It is well settled that "[t]he threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?" (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]; see Rosario v Monroe Mech. Servs., Inc., 158 AD3d 1155, 1156 [4th Dept 2018], lv dismissed 31 NY3d 1067 [2018]). Furthermore, whether a defendant owes a duty of care to the plaintiff is an issue of law for the court to determine (see Davis v South Nassau Communities Hosp., 26 NY3d 563, 572 [2015]; Pingtella v Jones, 305 AD2d 38, 40 [4th Dept 2003], lv dismissed 100 NY2d 640 [2003], rearg denied 1 NY3d 594 [2004]). Contrary to plaintiffs' contention, "[a] municipality has no duty to maintain in a reasonably safe condition a road it does not own or control unless it affirmatively undertakes such a duty" (Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 675 [1999], rearg denied 93 NY2d 1042 [1999]; see Ostrowski v Baldi, 61 AD3d 1403, 1404 [4th Dept 2009], lv denied 13 NY3d 701 [2009]; Alcalay v Town of N. Hempstead, 262 AD2d 258, 259 [2d Dept 1999], lv dismissed 94 NY2d [*2]796 [1999]) and, here, the record establishes that the Towns undertook no duty to maintain this state highway.
We reject plaintiffs' further contention that Highway Law § 327 imposed a duty upon the Towns to adequately light the road. Highway Law § 327 states that a town may provide lighting for a state highway and may, in its discretion, discontinue lighting at any time (see Mastro v Maiorino, 174 AD2d 654, 655 [2d Dept 1991]). Consequently, we conclude that "there is no duty on the part of the [Towns] to light the [road] so as to support a cause of action sounding in negligence based on the lack of lighting" (Bauer v Town of Hempstead, 143 AD2d 793, 794 [2d Dept 1988]; see Mastro, 174 AD2d at 655; see also Hayden v Ward, 283 AD2d 942, 942 [4th Dept 2001]).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court