■ VINCENT BANDOIAN et al., Appellants, v RALPH J. BERNSTEIN, Respondent. [679 NYS2d 123] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered July 16, 1997, which, to the extent appealed as limited by plaintiffs' brief, granted defendant's motion for summary judgment dismissing the complaint for plaintiffs' failure to establish a prima facie case of serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

The physician's affirmation stating summarily that the three plaintiffs all suffered from permanent disability of the cervical spine was insufficient to raise a triable issue as to whether plaintiffs had in fact sustained permanent loss of use or permanent consequential limitation of use of a body organ, member or function within the meaning of Insurance Law § 5102 (d) (see, Lopez v Senatore, 65 NY2d 1017). Nor was the other medical evidence adduced by plaintiffs sufficient to sustain their action in the face of defendant's prima facie meritorious summary judgment motion. Medical proof of "serious injury" offered respecting one of the plaintiffs was inadequate for its failure to specify the degree of limitation or restriction caused by the injury (see, Stallone v County of Suffolk, 209 AD2d 403) and was based upon an MRI examination performed more than a year-and-a-half earlier by a physician other than the affiant (see, Friedman v U-Haul Truck Rental, 216 AD2d 266). As to the two remaining plaintiffs, the 10 percent restriction of extension and/or rotation they claim to have suffered is not under the circumstances of this case of sufficient magnitude to qualify as a "significant" or "important" limitation of use (see, Waldman v Dong Kook Chang, 175 AD2d 204; Medina v Zalmen Reis & Assocs., 239 AD2d 394; compare, DiLeo v Blumberg, 250 AD2d 364), or a permanent loss of use (see, Hutchinson v Beth Cab Corp., 204 AD2d 151) within the meaning of the statute. Plaintiffs' papers were also deficient for their failure to include affirmations from their treating physi-

cians based upon examinations performed in the near aftermath of the accident; nor did plaintiffs provide information respecting the nature of the medical treatment they received for their injuries or explanation for the almost two-year gap between the accident and their physician's examination (*see, Medina v Zalmen Reis & Assocs.*, 239 AD2d, *supra*, at 395). Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ.