■ SALVATORE SIGONA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [680 NYS2d 228] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about August 1, 1997, which granted defendants-respondents' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion to dismiss the complaint was properly granted since defendants made a sufficient prima facie showing that Mr. Sigona had not suffered serious injury within the meaning of Insurance Law § 5102 (d) and plaintiffs, in response, did not come forward with evidence raising a triable issue. In this connection, we note that there is no indication as to whether the medical diagnoses upon which plaintiffs rely are based on objective tests or merely upon plaintiff's subjective complaints (*see, Logarzo v D'Angelis-Hall*, 248 AD2d 597). Moreover, none of plaintiff's reported symptoms, including those described by the doctor from the no-fault insurance carrier, who found that Mr. Sigona suffered from a "mild partial disability", constituted a "significant limitation of a use of a body function" within the meaning of the statute (Insurance Law § 5102 [d]; *see, Licari v Elliott*, 57 NY2d 230). Finally, we note that Mr. Sigona's deposition testimony to the effect that he was out of work for "at least six months while under active medical care" does not, in the absence of a physician's affidavit substantiating that his alleged impairment was attributable to a "medically determined" injury, suffice to raise a triable issue as to whether plaintiff was prevented from performing "substantially all of the material acts which constitute his usual and customary activities for not less than [90] days during the [180] days immediately following the occurrence" (Insurance Law § 5102 [d]; *Ryan v Xuda*, 243 AD2d 457). Concur—Sullivan, J. P., Nardelli, Williams and Mazzarelli, JJ.