■ ABRAHAM FEINMAN et al., Respondents, v DAVID HOROWITZ, Appellant. [694 NYS2d 379] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered January 27, 1999, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

The 75-year-old plaintiff was seen in the emergency room after an automobile accident, complaining of various pains in his

head, arm, knee and lower back. He was treated for contusions and abrasions, although no sutures were administered. X-rays revealed discogenic disease and spondylolisthesis, but these findings were never related to the accident. Returning to the emergency room a week later (only because his designated doctor was not available for follow-up care), the patient was examined and advised that he could "continue normal activities." He next sought medical treatment from an orthopedist more than eight months later, complaining of pain in his elbow, knee and lower back.

In order to survive summary judgment under New York's no-fault law, an injured party must establish that he sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). As pertinent herein, this plaintiff has failed to show significant disfigurement, fracture, loss or significant limitation of use of a body part or function, or a medically determined non-permanent injury or impairment of normal daily activities for at least 90 days during the 180 days immediately following the accident. Plaintiffs have failed to make a prima facie showing of serious injury (*Bandoian v Bernstein*, 254 AD2d 205; *Eisen v Walter & Samuels,* 215 AD2d 149). Concur—Rosenberger, J. P., Williams, Tom, Wallach and Buckley, JJ.