■ Thomas C. Sherlock, Respondent, v Errol H. Smith, Appellant. [709 NYS2d 176] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about April 15, 1999, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff's submissions in response to defendant's summary judgment motion failed to demonstrate that he suffered a serious injury within the meaning of Insurance Law § 5102 (d). The affidavit of Dr. Harrison submitted by plaintiff does not indicate that he reviewed the actual MRI films upon which he relied nor did he attach a copy of a sworn MRI report to his affidavit. Accordingly, his opinion was without probative value (*Bandoian v Bernstein*, 254 AD2d 205; *Braham v U-Haul Co.*, 195 AD2d 277). We also note that the affidavit failed to indicate that Dr. Harrison himself did any objective tests that would support his ultimate conclusions.

Finally, plaintiff's allegation that he was out of work for approximately four months as a result of the accident did not warrant denial of the motion. A plaintiff's self-serving claim that he was unable to perform "substantially all of the material acts which constitute his usual and customary activities for not less than [90] days during the [180] days immediately following [an accident]" is insufficient, without more, to withstand a defendant's summary judgment motion (*Sigona v New York City Tr. Auth.*, 255 AD2d 231). Rather, to be sufficient, the claim should be supported by a physician's affidavit substantiating that the plaintiff's alleged impairment was attributable to a medically determined injury (*supra*). Here, as previously noted, Dr. Harrison's affidavit failed to suffice for that purpose. Concur—Williams, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.