■ KATHERINE ROBINSON, Appellant, v GRECIAN TRANS., INC., et al., Respondents. [717 NYS2d 575] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about October 28, 1999, which granted defendants-respondents' motion and cross-motion for summary judgment dismissing the complaint for failure to establish a prima facie case of serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

At her deposition on August 17, 1991, plaintiff testified that, on October 15, 1988, she was a passenger in a taxicab, which was involved in an intersection collision with another vehicle. She was taken to the emergency room at St. Vincent's Hospital immediately following the accident, where she was examined, her neck was X-rayed and she was given a diagnosis of whiplash and contusions. Plaintiff then stayed in bed at home for about five days after which she returned to work. Within a week of the accident, plaintiff visited her internist, a Dr. Frank Colenda, who diagnosed whiplash and a contusion to her right knee where she had had a tumor removed in 1983. Other than

two months of physical therapy, which began about six weeks after the accident and which involved ultrasound and electrical stimulation to her neck and shoulders, plaintiff never received any other medical treatment. Moreover, other than a visit to a Dr. Schwartz, whom she knew, and one visit each to two doctors, Dr. Etkind and a Dr. Dickson, to whom she was referred by her attorneys, plaintiff, other than being examined, never received any diagnosis or treatment for her knee. At the time of her deposition in 1991, plaintiff's only complaint was sharp pain in her knee when she knelt, soreness when she touched it, and the inability to do some yoga exercises.

Seven years later, in opposition to defendants' cross-motions for summary judgment, plaintiff conclusorily stated that she had seen a series of doctors since 1988, including various orthopedic doctors, who treated her and informed her that her current status was the best that could be done from an orthopedic point of view. As a result, plaintiff stated that she had resorted to chiropractic treatment, which she received once a week, "in order to alleviate the problems that exist in my neck and, from time to time, in my knee." In support of her position, plaintiff submitted an affidavit from a chiropractor, who had been treating her since August 17, 1998, and who diagnosed plaintiff's condition as "chronic cervical and thoracic segmental dysfunction with muscular hypertonicity." The chiropractor also stated that cervical spine range of motion was limited in all positions by 30%.

Summary judgment dismissing the complaint was properly granted.

Plaintiff's submissions in opposition to defendants' cross-motions failed to provide information regarding the nature of the medical treatment she received for her injuries which, combined with her failure to explain the seven-year gap between her 1991 deposition and her subsequent visit to the examining chiropractor on August 17, 1998, were insufficient to raise a triable issue as to whether she had in fact sustained permanent consequential limitation of use of a body organ, member or function within the meaning of Insurance Law § 5102 (d).

The mere repetition of the word "permanent" is insufficient to establish "serious injury" and "summary judgment should be granted for defendant where the plaintiff's evidence is limited to conclusory assertions tailored to meet statutory requirements" (*Lopez v Senatore*, 65 NY2d 1017, 1019; *see also, Medina v Reis & Assocs.*, 239 AD2d 394). The treating chiropractor's report has no support in the medical records, its

conclusions are doubtful, and it is contradicted by all the other medical evidence. While plaintiff has undoubtedly suffered some pain, she has no ascertainable serious injuries (*see, Lowe v Bennett*, 122 AD2d 728, 730-731, *affd* 69 NY2d 700; *Bandoian v Bernstein*, 254 AD2d 205, 205-206). Other than her conclusory statement that she had seen "a series of doctors since 1988," plaintiff's submissions in effect establish that, other than two months of physical therapy in 1988 or 1989, she had no medical treatment for her injuries for the ten years prior to her chiropractic treatment in 1998. Plaintiff's papers are also deficient for their failure to include affirmations from her treating physicians based upon examinations in the near aftermath of the accident. Concur—Williams, J. P., Tom, Rubin and Andrias, JJ.