■ Malcolm Charlton, Respondent, v Luis E. Almaraz et al., Appellants, et al., Defendants. [718 NYS2d 52] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered May 7, 1999, which denied the Almaraz defendants' motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

As a passenger involved in serial rear-end automobile collisions, plaintiff commenced this action seeking damages for injuries consisting of cervical and lumbar strain and sprain. The Almaraz defendants moved for summary judgment based upon the sworn report of an examining physician which concluded that plaintiff was not disabled. Defendants argued that plaintiff had not suffered a "serious" injury as required by Insurance Law § 5102 (d). Having satisfied their burden of proof on the motion, it was incumbent on plaintiff to submit proof in admissible form demonstrating that there are triable issues of fact regarding whether he sustained a serious injury (*Grasso v Angerami*, 79 NY2d 813; *McLoyrd v Pennypacker*, 178 AD2d 227, *lv denied* 79 NY2d 754). Plaintiff submitted several unsworn medical reports but those are insufficient to satisfy plaintiff's burden of proof since they are not in admissible form (*Merisca v Alford*, 243 AD2d 613; *Friedman v U-Haul Truck Rental*, 216 AD2d 266). Plaintiff's and Dr. Marrone's affidavits are also insufficient since each is based on plaintiff's subjective statements of pain (*Soto v Fogg*, 255 AD2d 502; *Merisca v Alford*, 243 AD2d 613). While plaintiff has submitted evidence that he has a mild lumbar strain and sprain, there is simply insufficient evidence to satisfy the statutory requirement of a compensable serious injury (*Rodriguez v Schickler*, 229 AD2d 326; *Lowe v Bennett*, 122 AD2d 728, *affd* 69 NY2d 700). Concur—Rosenberger, J. P., Wallach, Saxe, Buckley and Friedman JJ.