■ Rose Graham, Appellant, v Shuttle Bay, Inc., et al., Respondents. [722 NYS2d 541] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about October 5, 2000, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a "serious injury" within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiff's unsworn medical records were insufficient to defeat summary judgment (*see, Grasso v Angerami*, 79 NY2d 813; *Charlton v Almaraz*, 278 AD2d 145). The affirmed medical report of Dr. Frank Carr submitted by plaintiff was deficient in many respects and insufficient to raise a triable issue of fact as to whether plaintiff sustained "serious injury." Notably, the report does not indicate the date the doctor examined plaintiff nor is there an explanation for the three-year gap between the date of the affirmed report and the last examination of plaintiff (*see, Bandoian v Bernstein*, 254 AD2d 205). Further, the affirmed report improperly relies on an unsworn three-year-old MRI report (*see, id.; Merisca v Alford*, 243 AD2d 613). Moreover, Dr. Carr offers no opinion on the seriousness of plaintiff's injury, its permanency or how it has affected her daily activities (*see, Hutchinson v Beth Cab Corp.*, 204 AD2d 151). This last deficiency was not rectified by plaintiff's sworn testimony and affidavit. Plaintiff admitted that she lost only two days from work and was not confined to bed; the alleged injury did not affect her job performance in any way. She attended an un-

specified number of physical therapy sessions and concluded the sessions at an unspecified date. Notably, plaintiff admitted in her deposition that she was no longer receiving medical treatment for her right knee. In these circumstances, plaintiff's unsubstantiated claim that she was unable to cope with her daily activities is insufficient to show that she suffered "a medically determined injury or impairment of a non-permanent nature" which prevented her from "performing substantially all of the material acts which constitute [her] usual and customary daily activities" for at least 90 days of the 180 days following the accident (Insurance Law § 5102 [d]; *Eisen v Walter & Samuels*, 215 AD2d 149; *Hutchinson v Beth Cab Corp.*, *supra*). Plaintiff's subjective claims of pain, unsupported by credible medical evidence, are insufficient to raise a triable issue of fact (*see, Charlton v Almaraz, supra; Bandoian v Bernstein, supra*). Concur—Rosenberger, J. P., Williams, Andrias, Wallach and Saxe, JJ.