CHRISTINE GRELL et al., Respondents, v MABSTOA et al., Respondents, and YU TAI CHIANG et al., Appellants. [732 NYS2d 594] —In an action to recover damages for personal injuries, etc., the defendant Yu Tai Chiang appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated September 7, 2000, as denied his motion for summary judgment dismissing the com-

plaint insofar as asserted against him on the ground that the plaintiff Christine Grell did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the defendant Antonio Perez separately appeals, as limited by his brief, from so much of the same order as denied his motion for the same relief, and the defendant Efrain Castellanos separately appeals, as limited by his brief, from so much of the same order as denied his motion for the same relief.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and, upon searching the record, the remaining defendants, MABSTOA, New York City Transit Authority, Eugene Perry, Joseph Costa, and Peter Costa are granted summary judgment, and the complaint is dismissed in its entirety.

The movants submitted competent medical evidence in admissible form which established that the injured plaintiff, Christine Grell, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The burden then shifted to the plaintiffs to demonstrate the existence of a triable issue of fact (see, Gaddy v Eyler, 79 NY2d 955, 956-957). The competent medical evidence which the plaintiffs submitted in opposition to the motions for summary judgment failed to raise a triable issue of fact (see, CPLR 3212 [b]). The affirmed reports of the plaintiffs' expert orthopedist and neurologist failed to specify the nature of the objective tests on which their conclusions as to restriction of motion were based (see, Grossman v Wright, 268 AD2d 79). Further, the plaintiffs' expert orthopedist acknowledged that the injured plaintiff's symptoms showed a "significant improvement" when she was examined on her last visit. ᾽

Additionally, since the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), there can be no recovery against the remaining defendants and, upon searching the record, we grant summary judgment to those defendants as well (see, CPLR 3212 [b]; Dunham v Hilco, 89 NY2d 425). Krausman, J. P., Luciano, Smith and Adams, JJ., concur.