■ ROBERT ARROWOOD et al., Appellants, v STEVEN E. LOWINGER et al., Respondents. [742 NYS2d 294] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered December 5, 2000, which granted defendants' motion for sum-

mary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants met their initial burden of establishing that plaintiff has not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956; *Licari v Elliott*, 57 NY2d 230), and plaintiff's submissions failed to raise an issue of fact. The findings of two doctors, who examined plaintiff in September and October 2000, respectively, that plaintiff had "exquisite tenderness" of his left Achilles heel and "extreme sensitivity on the back of the left ankle" do not demonstrate a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" (*Gaddy v Eyler*, 79 NY2d, *supra* at 957; *Licari v Elliott*, 57 NY2d, *supra* at 236). Moreover, the findings were based on plaintiff's subjective complaints of pain are thus insufficient to raise a triable issue under Insurance Law § 5102 (d) (*see, Toure v Avis Rent A Car Sys.*, 284 AD2d 271, 273; *Charlton v Almaraz*, 278 AD2d 145, 146). Notably, plaintiff did not seek treatment for over four years and returned to his employment within 11 weeks of the accident. In these circumstances, the doctors' conclusory assertions that plaintiff had suffered a permanent injury is insufficient to defeat defendants' entitlement to summary judgment (*see, Toure*, 284 AD2d, *supra* at 272; *Bandoian v Bernstein*, 254 AD2d 205). A finding that plaintiff suffered a "2-4% impairment of the whole person, a 5-10% of the lower limb and 7-14% impairment of the ankle" is not supported by any objective medical tests performed by the doctor and appears to be tailored to meet statutory requirements (*see, Lopez v Senatore*, 65 NY2d 1017, 1019; *Castano v Synergy Gas Corp.*, 250 AD2d 640). In any event, the claimed limitations are not of sufficient magnitude to qualify as a " 'significant' or 'important' limitation of use" (*Bandoian v Bernstein*, *supra* at 205; *Licari v Elliott*, *supra*). An MRI report which allegedly showed a tendon rupture of plaintiff's right ankle was taken 3½ years after the accident and the injury was not shown to be causally related to the accident (*see, Cacaccio v Martin*, 235 AD2d 384). Notably, none of plaintiff's treating physicians diagnosed a ruptured tendon following the accident and the doctors who examined plaintiff in 2000 made no findings of injury to his right ankle. Plaintiff's affidavit, in which he claimed to have been unable to give golf lessons for three to five months following the accident is contradicted by his deposition testimony and is, in any event, unsupported by a physician's affidavit substantiating his impairment and relating it to the accident (*see, Sigona v New York City Tr. Auth.*, 255 AD2d 231). Plaintiff's unsubstantiated

claim that he was unable to do household chores is insufficient to show that he suffered "a medically determined injury or impairment of a non-permanent nature" which prevented him from "performing substantially all of the material acts which constitute [his] ususal and customary daily activities" for at least 90 days of the 180 days following the accident (Insurance Law § 5102 [d]; *see also, Eisen v Walter Samuels, Inc.*, 215 AD2d 149; *Hutchinson v Beth Cab Corp.*, 204 AD2d 151). Concur—Buckley, J.P., Rosenberger, Lerner, Rubin and Marlow, JJ.