■ Octavia Nelson, Respondent, v Edward S. Distant, Appellant, et al., Defendant. [764 NYS2d 258] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered January 3, 2002,

which, to the extent appealed from, denied defendant Distant's motion for summary judgment dismissing plaintiff's serious injury claim on the ground that she failed to establish that she sustained an injury which prevented her from performing substantially all of her usual and customary activities during 90 of the first 180 days following the accident as set forth in Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, defendant Distant's motion granted, and, upon searching the record, the remaining defendant Derrick Lewis also granted summary judgment, and the complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

Plaintiff, Octavia Nelson, alleged that on October 15, 1995, she was a passenger in a vehicle which was involved in an accident with two other vehicles, one owned and operated by defendant-appellant Edward Distant, and the other owned and operated by defendant Derrick Lewis. Plaintiff claimed that due to defendants' negligence, she sustained a serious injury as defined in Insurance Law § 5102 (d). Distant moved for summary judgment dismissing the complaint on the ground that plaintiff failed to establish, as a threshold matter, she had suffered a serious injury, and Lewis cross-moved for the same relief. The Supreme Court granted the motion and cross motion to the extent of finding that plaintiff had failed to raise any issues of fact as to serious injury with the exception of the 90/180 day category. Distant appeals from that part of the order, adverse to him.

Distant met his burden of proof by submitting medical evidence that plaintiff did not sustain a "medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Licari v Elliott,* 57 NY2d 230 [1982]). Distant submitted plaintiff's medical records and an independent medical report, none of which demonstrated or supported a conclusion that plaintiff's injury required her to stay home from work or prevented her from performing her usual and customary activities for 90 of the 180 days following the accident. In addition, Distant relied upon plaintiff's deposition testimony and her bill of particulars in which she stated that she missed 11 months of work as a home nursing health aide, but could not remember if any doctors told her she had to stay home from work.

The burden then shifted to plaintiff to raise a triable issue of fact that she was "curtailed from performing * * * usual activities to a great extent rather than some slight curtailment"

(*Licari*, 57 NY2d at 236; *accord Gaddy v Eyler*, 79 NY2d 955, 957 [1992]).* The record is devoid of any objective medical evidence which substantiates plaintiff's 90/180 day claim (*see Toure*, 98 NY2d at 357 ["issue is simply whether plaintiff offered sufficient objective medical evidence to establish a qualifying injury or impairment"]). Although plaintiff testified that she could no longer dance or mop and could not walk like she used to, the record lacks any evidence regarding her activities before the accident and any objective proof of any substantial curtailment of these activities after the accident. Nor is there any objective medical evidence in the record that plaintiff was unable to return to work due to the accident. Plaintiff's self-serving statements standing alone are insufficient to raise a triable issue of fact (*Gaddy*, 79 NY2d at 958; *Sherlock v Smith*, 273 AD2d 95 [2000]; *Covington v Cinnirella*, 146 AD2d 565 [1989]).

Finally, since plaintiff did not sustain a serious injury, there can be no recovery against the remaining defendant Derrick Lewis. Upon searching the record, summary judgment is granted dismissing the complaint as to defendant Lewis as well (*see* CPLR 3212 [b]; *Grell v MABSTOA*, 288 AD2d 259 [2001]). Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.

---

* Plaintiff did not respond to the summary judgment motion in the nisi prius court nor did she submit a respondent's brief on appeal.