■ CARL COPELAND, Appellant, v DRAGAN KASALICA et al., Defendants, and VADIM VISHMON et al., Respondents. [775 NYS2d 276]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 7, 2003, which granted defendants-respondents' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer "serious injury" within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants met their burden of proof by submitting medical evidence that plaintiff did not sustain a "medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]; *see also Gaddy v Eyler*, 79 NY2d 955 [1992]; *Licari v Elliott*, 57 NY2d 230 [1982]; *Shinn v Catanzaro*, 1 AD3d 195, 197 [2003]; *Nelson v Distant*, 308 AD2d 338, 339 [2003]). Defendants submitted the affirmation of an orthopedic surgeon who examined plaintiff and concluded that plaintiff had a full range of motion in his neck, back, upper extremities and lower extremities. In addition, defendants submitted plaintiff's own deposition testimony in which he stated that he was not confined to bed at all, stayed home for just two weeks following the accident, and missed only a month of school.

The burden then shifted to plaintiff to raise a triable issue of fact by presenting objective evidence of "a medically determined injury or impairment of a non-permanent nature" that prevented him from performing "substantially all" of his usual and customary daily activities for not less than 90 days during the 180 days following the accident (Insurance Law § 5102 [d]; *Licari v Elliott*, 57 NY2d at 236-239). Plaintiff failed to provide objective medical proof in competent form to support his claim, and offered no objective medical proof of his condition 90 days after the accident. Plaintiff submitted unsworn medical records and reports that were not in admissible form (*Grasso v Angerami*, 79 NY2d 813 [1991]; *Shinn v Catanzaro*, 1 AD3d at 197). The affirmation of plaintiff's physician was insufficient to raise a triable issue of fact since it failed to provide objective, admissible evidence of the persistence of plaintiff's injury during the statutorily relevant period (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357-358 [2002]; *Graham v Shuttle Bay*, 281 AD2d 372 [2001]; *Sherlock v Smith*, 273 AD2d 95 [2000]). In the absence of objective medical evidence, plaintiff's subjective claims of pain and his unsubstantiated claim that he was unable to perform his customary daily activities for five months following the injury are insufficient to raise a triable issue of fact (*Nelson v Distant*, 308 AD2d at 340; *Graham v Shuttle Bay*, *supra*; *Sherlock v Smith*, *supra*). Concur—Buckley, P.J., Nardelli, Andrias, Sullivan and Gonzalez, JJ.