■ JENG-JEN CHEN, Appellant, v JEAN C. MARC, Defendant, and YVETTE I. SANCHEZ et al., Respondents. [781 NYS2d 32]—

Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered November 12, 2002, upon an order, same court and Justice, entered October 10, 2000, granting the motion of defendant Jean C. Marc for summary judgment dismissing the complaint upon the ground that plaintiff did not sustain a seri-

ous injury within the meaning of Insurance Law § 5102 (d), affirmed, without costs.

Defendants met their initial burden of establishing that plaintiff has not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d), and plaintiff's submissions failed to raise an issue of fact.

The affirmation of a nontreating physician based upon his first and only examination of plaintiff two years after the accident, in which the only abnormality noted was the subjective finding of "tenderness" of plaintiff's cervical spine, without supporting objective tests, was insufficient to create questions of fact let alone demonstrate that plaintiff suffered a serious injury. Nor does the undated affirmation of plaintiff's treating physician, Dr. Phang, state what objective tests, if any, were used to determine any restriction of motion. While referring to unsworn reports of MRI scans of plaintiff's cervical and lumbar spine conducted more than 10 months after the accident, he also fails to state that he actually reviewed the MRIs themselves, as opposed to merely reading the narrative reports (*see Bandoian v Bernstein*, 254 AD2d 205 [1998]). Finally, Dr. Phang, in his initial evaluation of plaintiff six days after the accident, stated that there were "possible" injuries and plaintiff was to immediately start physical therapy sessions two or three times a week; however, there is no evidence of such treatment and his next and only other evaluation of plaintiff was almost 15 months later, as reflected in a report, dated July 17, 2000, which is nearly identical to the earlier report in language and substance. Concur—Nardelli, J.P., Andrias and Friedman, JJ.

Tom, J., dissents in a memorandum as follows: This case arose from a 1998 multiple vehicle accident in which plaintiff allegedly sustained various injuries to his neck, back, shoulder and knee. Subsequently, plaintiff allegedly was confined to bed for several weeks, and confined to home for several months, fully prevented from returning to his job for several months and partially incapacitated for some time thereafter. His deposition testimony establishes the ongoing nature of certain of his physical limitations. A physical examination, X rays and MRIs taken shortly after the accident support many of the claimed injuries, at least for threshold purposes, as do physician reports and a physician's affirmation indicating a permanent partial orthopedic disability, chronic inflammation and additional chronic back and neck injuries as a result of the accident. For purposes of Insurance Law § 5102 (d), the physician's affirmation correlating plaintiff's back and neck pain some two years after the accident to quantified range of motion limitations found on the physical

examination and bulging and herniated discs described in the MRI reports, with the physician's conclusion that the symptoms are permanent, adequately raises factual issues at this juncture (*Gonzalez v Vasquez*, 301 AD2d 438 [2003]). In this case, the physician's first-hand observation regarding the plaintiff's restrictions in the range of motion (*see Rice v Moses*, 300 AD2d 213 [2002]) and the defense's own reliance on the unsworn MRI reports (*see Toledo v A.P.O.W. Auto Repair/Towing*, 307 AD2d 233 [2003]) cures the defect. Accordingly, I would reverse, deny the motion for summary judgment and reinstate the complaint.