■ MUHAMMAD S. UDDIN et al., Appellants, v LYSA COOPER et al., Respondents. [820 NYS2d 44]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered May 27, 2005, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for partial summary judgment on the issue of liability, affirmed, without costs.

The medical affirmations of doctors Singh and Lewis, submit-

ted by defendants Cooper and U-Haul, satisfied these movants' initial burden of showing the alleged soft tissue injuries suffered by plaintiff Uddin did not constitute a "serious injury" as defined by Insurance Law § 5102 (d). The findings of those physicians were based on their personal examinations of Uddin and the unremarkable findings from relevant range-of-motion, sensory and other tests they conducted. Both physicians concluded in their reports that there was no objective evidence of a disability or need for further medical treatment and/or testing. To the extent Dr. Singh's range-of-motion findings indicated deficiencies secondary to complaints of pain, such findings were insufficient to raise a triable issue of fact (*see Shaw v Looking Glass Assoc., LP*, 8 AD3d 100 [2004]). To the extent Dr. Singh found the leg-raising test was restricted, this did not create an issue as to serious injury, particularly since Uddin demonstrated a lack of cooperation with Singh's testing efforts, and plaintiffs' own physicians earlier reported either a "negative" or a mere "trace" positive result on the straight-leg test (*see e.g. Thompson v Abbasi*, 15 AD3d 95, 98 [2005]).

The MRIs, which indicated herniated discs, inter alia, were unsupported by other competent medical evidence that the herniation caused a significant limitation or a permanent consequential limitation of a body function or part (*see Nagbe v Minigreen Hacking Group*, 22 AD3d 326 [2005]; *Thompson*, 15 AD3d at 97). Plaintiffs' range-of-motion findings via tests performed by Dr. DiGiancinto and Dr. Singh, viewed in conjunction with the MRI findings, were insufficient to raise a triable issue of fact since they were based on subjective complaints of pain.

Even though Drs. Singh and Lewis examined Uddin four years after the accident, plaintiffs' argument that their reports failed to address the allegation of a nonpermanent injury or impairment substantially curtailing his daily activities for 90 of the first 180 days following the accident is unavailing and is insufficient to raise a triable issue of fact. Section 5102 (d) of the Insurance Law requires "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." While it is uncontested that Uddin missed three months of work within the first 180 days, his allegations do not mention any other daily activities that were substantially hindered due to the injury.

To the extent the affirmation in opposition by Dr. DiGiancinto, Uddin's treating neurosurgeon, noted deficiencies in the range of motion of his lumbar spine, such findings were secondary to complaints of pain and were thus insufficient to raise a triable issue of fact. Moreover, plaintiffs offered no competent medical proof that directly substantiated the claim that Uddin could not perform substantially all his daily tasks for 90 of the first 180 days due to an injury or impairment caused by the accident (*Eisen v Walter & Samuels*, 215 AD2d 149, 150 [1995]). Although Dr. DiGiancinto's affirmation attempted to substantiate this claim medically, he had no personal knowledge of Uddin's medical condition in early 2001. Inasmuch as he relied on unsworn medical reports from such period, they were hearsay and thus not probative of the issue.

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Nardelli, J.P., Williams, Catterson and Malone, JJ.

McGuire, J., concurs in part and dissents in part in a separate memorandum as follows: Given the record in this case concerning the nature of the motor vehicle accident at issue, plaintiff's claim that he sustained a serious injury must be viewed with considerable skepticism. In my view, however, a triable issue of fact nonetheless exists regarding whether plaintiff Muhammad Uddin sustained a "serious injury" under Insurance Law § 5102 (d).

On November 23, 2000, plaintiff was working as a livery cab driver and was involved in a motor vehicle accident. The accident occurred when plaintiff's vehicle was stopped and double-parked in front of a residential building. The running board of a van, owned by defendant U-Haul and operated by defendant Lysa Cooper, came into contact with the rear driver's side of plaintiff's vehicle as Cooper attempted to pass plaintiff's vehicle. It is not clear, however, whether plaintiff's vehicle sustained any damage other than a puncture to the rear, driver's-side tire. According to Cooper, the van was traveling five miles per hour when the accident occurred. For his part, plaintiff claimed that his "body was shaken forward and backward."

Plaintiff and his wife, derivatively, commenced this action, alleging that plaintiff sustained a serious injury as a result of the accident. Specifically, they assert that plaintiff sustained, among other things, "a medically determined injury or impairment of a non-permanent nature which prevent[ed] [him] from performing substantially all of the material acts which constitute[d] [his] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately

following the occurrence of [his] injury or impairment" (Insurance Law § 5102 [d]).

U-Haul and Cooper moved for summary judgment dismissing the complaint against them on the ground that plaintiff did not sustain a serious injury. Plaintiffs cross-moved for summary judgment against the moving defendants on the issue of liability. Supreme Court granted the motion, denied the cross motion and dismissed the complaint.

The moving defendants failed to establish their entitlement to judgment as a matter of law on their contention that plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d). The moving defendants' motion was supported primarily by selected portions of plaintiff's deposition testimony and the affirmations of two physicians. The submitted portions of the deposition testimony established that plaintiff: (1) missed over three straight months of work following the accident; (2) was bedridden approximately 10 to 15 days in the first six months following the accident; and (3) was confined to his home approximately 20 to 25 days in the first six months following the accident. Both of the physicians who examined plaintiff at the moving defendants' behest concluded that plaintiff was not disabled on the date the examinations were conducted (i.e., October 24, 2004) and required no follow-up care. However, both physicians determined that the injured plaintiff had sustained certain injuries that were causally related to the accident, injuries which resolved prior to their examinations. Neither of these physicians expressed an opinion concerning the alleged disabling effect of plaintiff's injuries during the 180-day period immediately following the accident. Accordingly, the moving defendants failed to satisfy their initial burden on the motion (see *Toussaint v Claudio*, 23 AD3d 268, 268 [2005]; *Burford v Fabrizio*, 8 AD3d 784, 786 [2004]; *Tornatore v Haggerty*, 307 AD2d 522, 523 [2003]; cf. *Nelson v Distant*, 308 AD2d 338, 339 [2003] [defendant made prima facie showing that plaintiff did not sustain serious injury under 90/180-day category; defendant submitted plaintiff's medical records and a medical report, neither of which supported conclusion that plaintiff's injury prevented her from performing her usual and customary activities for 90 of the 180 days following the accident]).

Even assuming that the moving defendants did establish their entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact. With respect to the 90/180-day category, "plaintiff[s] must present objective evidence of a medically determined injury or impairment of a non-permanent nature"

(*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357 [2002] [internal quotation marks and citations omitted]).

Here, plaintiff's treating physician affirmed both that plaintiff had sustained three herniated discs as a result of the accident, and that the accident rendered him "medically unable to perform daily activities including his job for more than 90 days [during the] 180 days immediately following the accident" as a result thereof. Although this physician did not begin treating plaintiff until February 5, 2003, his conclusions were based upon his review of an MRI report concerning an MRI taken on December 27, 2000* and medical records generated by other physicians and a chiropractor who treated plaintiff shortly after the accident. The treating physician substantiated that plaintiff's alleged impairments were attributable to a medically determined injury, and an issue of fact was raised regarding whether the injured plaintiff was "curtailed from performing [his] usual activities to a great extent rather than some slight curtailment" (*Gaddy v Eyler*, 79 NY2d 955, 958 [1992] [internal quotation marks and citations omitted]; *see Martin v Fitzpatrick*, 19 AD3d 954, 957 [2005]; *cf. Thompson v Abbasi*, 15 AD3d 95, 101 [2005] [plaintiff missed only one week of work]; *Grimes-Carrion v Carroll*, 17 AD3d 296, 297 [2005] [plaintiff out of work nine days]; *Nelson*, 308 AD2d at 340 [plaintiff failed to submit objective medical evidence substantiating claim of serious injury under 90/180-day category]; *Sherlock v Smith*, 273 AD2d 95 [2000] [same]).

Accordingly, I would reverse the order appealed from to the extent of denying the moving defendants' motion for summary judgment dismissing the complaint against them, and otherwise affirm.

---

* The findings in the report were discussed by the physician in his affirmation and the report is in the record (*see Pommells v Perez*, 4 NY3d 566, 577 n 5 [2005]; *see also Toure*, 98 NY2d at 358).