■ JUAN PABLO VARGAS, an Infant, by His Mother and Natural Guardian, MONICA VARGAS, et al., Respondents, et al., Plaintiff, v KAMAL AHMED et al., Appellants. [837 NYS2d 654]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered July 31, 2006, which, to the extent appealed from, granted the motion by plaintiffs other than Rodolfo Vargas to vacate a default entered against them on May 10, 2004, unanimously reversed, on the law, without costs, and the motion denied.

The military stay ordered by the court in 2004 applied only to plaintiff Rodolfo Vargas, not the responding plaintiffs, whose causes of action had already been dismissed. There is no evi-

dence that Rodolfo Vargas was necessary for the motion of his coplaintiffs to vacate their defaults (see *Pinkowski v All-States Sawing & Trenching*, 290 AD2d 873 [2002]). Therefore, the responding plaintiffs have offered no reasonable excuse for waiting two years to move to vacate their default.

Even if the motion to vacate the default were timely, the responding plaintiffs do not attempt to argue that they have either a reasonable excuse for failing to respond to defendants' original motion for summary judgment, or that they have a meritorious cause of action (see *Kalisch v Maple Trade Fin. Corp.*, 35 AD3d 291 [2006]). Their only excuse to the motion court was that "there were numerous plaintiffs in this action and we had great difficulty getting signed affirmation [*sic*] from radiologists." However, they submitted no radiologists' affirmations. Moreover, the only evidence they offered as to their alleged "serious injuries" (Insurance Law § 5102 [d]) consisted of MRI and other medical reports, which were not affirmed, and the affirmation of Dr. Hausknecht, who did not conduct an examination contemporaneous to the accident, or any objective tests, but relied solely on plaintiffs' subjective complaints and the unsworn medical and MRI reports, with no indication that he reviewed the MRI films. Plaintiffs have thus failed to demonstrate a meritorious cause of action (see *Ortega v Maldonado*, 38 AD3d 388 [2007]; *Atkinson v Oliver*, 36 AD3d 552 [2007]; *Graham v Shuttle Bay*, 281 AD2d 372 [2001]; *Sherlock v Smith*, 273 AD2d 95 [2000]).

On appeal, plaintiffs rely solely on the assertion that defendants' summary judgment motion was untimely (see *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]). However, defendants offered good cause for the delay in that—as plaintiffs must concede, given their own proffered excuse for their delay—the number of plaintiffs made it difficult to obtain authorizations and to gather necessary information. The only difference between plaintiffs' excuse and defendants' good cause is that defendants obtained the authorizations and the necessary information, which they submitted on the motion for summary judgment, while plaintiffs did not submit any radiologists' affirmations, which allegedly formed the purported reason for their delay. Concur—Sullivan, J.P., Buckley, Gonzalez, Sweeny and Kavanagh, JJ.