■ YASHA PINKHASOV, Appellant, v JUNIOR WEAVER et al., Respondents, et al., Defendant. [869 NYS2d 445]—

Defendants established a prima facie entitlement to summary judgment by submitting the affirmed reports of a neurologist and orthopedist, which were in compliance with CPLR 2106 (*cf. Offman v Singh*, 27 AD3d 284 [2006]). The doctors reviewed plaintiff's medical records, examined him and performed detailed and objective tests before concluding that plaintiff had full range of motion in his cervical and lumbar spine. Defendants also submitted plaintiff's deposition testimony in which he stated that he was only confined to bed for three to four days following the accident (*see Copeland v Kasalica*, 6 AD3d 253 [2004]).

In opposition, plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury. Plaintiff's unsworn MRI reports were properly not considered by the motion court (*see Grasso v Angerami*, 79 NY2d 813 [1991]), and the affirmation of plaintiff's medical expert failed to provide objective medi-

cal proof to support plaintiff's claim of permanent injury. Although plaintiff's expert stated that plaintiff had decreased range of motion in his cervical and lumbar spines, he failed to detail with any specificity these limitations (*see Rodriguez v Abdallah*, 51 AD3d 590, 592 [2008]; *Vasquez v Reluzco*, 28 AD3d 365, 366 [2006]).

Furthermore, as noted, plaintiff was only confined to bed for three to four days after the accident, and absent objective medical evidence, his subjective statements that he was unable to perform his usual and customary daily activities during the statutorily relevant time period, is insufficient to establish a serious injury under the 90/180 prong of Insurance Law § 5102 (d) (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ. [*See* 2007 NY Slip Op 33457(U).]