■ Edwin Ortiz et al., Appellants, v Ash Leasing, Inc., Respondent. [883 NYS2d 180]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered October 30, 2008, which granted defendant's motion for summary judgment dismissing the complaint for lack of a serious injury, unanimously affirmed, without costs.

Defendant made a prima facie showing that none of the three plaintiffs sustained a 90/180-day injury by submitting their deposition testimony (*see Copeland v Kasalica*, 6 AD3d 253, 254 [2004]). Two of the plaintiffs admitted that they had not been confined to bed or home after the accident, and the third said nothing during his deposition about being prevented from performing substantially all of the material acts that constituted his usual and customary daily activities for 90 days during the 180 days following the accident (Insurance Law § 5102 [d]). That each plaintiff missed more than 90 days of work is not determinative (*see Uddin v Cooper*, 32 AD3d 270, 271 [2006], *lv denied* 8 NY3d 808 [2007]). Defendant also made a prima facie showing that plaintiffs' complaints were caused by preexisting, degenerative conditions rather than the accident (*see Colon v Tavares*, 60 AD3d 419, 419-420 [2009]; *see generally Diaz v Anasco*, 38 AD3d 295, 295-296 [2007]).

Plaintiffs' opposition failed to raise a triable issue of fact. On the issue of incapacity, plaintiffs' doctor's affirmations did not mention any limitation on their daily activities except work (*see Gjelaj v Ludde*, 281 AD2d 211, 212 [2001]), and plaintiffs did not submit "any substantiating documentation or affidavit from the[ir] employer[s]" about missing work (*Dembele v Cambisaca*, 59 AD3d 352, 353 [2009]). On the issue of causation, plaintiffs' doctor's affirmations failed to provide objective evidence, as opposed to boilerplate language (*see Copeland*, 6 AD3d at 254; *Thompson v Abbasi*, 15 AD3d 95, 99 [2005]), merely stating in conclusory fashion that plaintiffs' injuries were caused by the accident, and offering no "factually based medical opinions ruling out . . . degenerative conditions as the cause of" plaintiffs' limitations (*Rose v Citywide Auto Leasing, Inc.*, 60 AD3d 520 [2009]). Since plaintiffs did not "present objective medical evidence responsive to" defendant's showing of degenerative changes, "it does not avail plaintiff[s'] 90/180-day claim that defendant['s] experts did not address [their] condition during the relevant period of time" (*Reyes v Esquilin*, 54 AD3d 615, 615-616 [2008]).

Nor does it avail plaintiff Ortiz that he had surgery for a meniscal tear, absent evidence of the permanency of his knee injury (*see Lopez v Mendoza*, 40 AD3d 436, 436-437 [2007]). Ortiz's doctor examined him on November 30, 2007 and found that his knee was normal, and Ortiz submitted no evidence that

his doctor subsequently found that he was still having problems with his knee. Evidence of causation is also lacking. Ortiz's doctor's conclusory statement in July 2008 that the knee operation was related to the August 3, 2006 accident is contradicted by August 30, 2006 X rays and a September 18, 2006 MRI showing degenerative changes (*see Thompson*, 15 AD3d at 99), and the doctor's "failure even to mention, let alone explain, why he ruled out degenerative changes as the cause of plaintiff's knee . . . injuries rendered his opinion that they were caused by the accident speculative" (*Valentin v Pomilla*, 59 AD3d 184, 186 [2009]; *see also Perez v Hilarion*, 36 AD3d 536, 537 [2007]). Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ. [*See* 21 Misc 3d 1124(A), 2008 NY Slip Op 52170(U).]