■ EDWARD J. SIMPSON, SR., et al., Respondents, v MOSHE MONTAG et al., Appellants. [917 NYS2d 181]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered May 13, 2010, which, insofar as appealed from as limited by the briefs, in this action for personal injuries sustained in a motor vehicle accident, denied defendants' motion for summary judgment dismissing plaintiffs' claim that they sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence showing that plaintiffs' injuries were not the result of the subject accident. Although defendants' doctors did not examine plaintiffs until approximately eight years after the accident, the doctors, in rendering their conclusions, also relied on medical evidence contemporaneous with the accident (*see Reyes v Esquilin*, 54 AD3d 615, 616 [2008]; *Uddin v Cooper*, 32 AD3d 270, 271 [2006], *lv denied* 8 NY3d 808 [2007]; *compare Rivera v Super Star Leasing, Inc.*, 57 AD3d 288, 288-289 [2008]).

In opposition, plaintiffs failed to raise a triable issue of fact. The fact that both plaintiffs missed more than 90 days of work is not determinative (*see Ortiz v Ash Leasing, Inc.*, 63 AD3d 556, 557 [2009]; *Uddin* at 271). Insurance Law § 5102 (d) requires plaintiffs to be prevented "from performing substantially all of the material acts which constitute [their] usual and customary daily activities" for at least 90 of the first 180 days after the accident. Plaintiffs, however, offered no evidence that they were so restricted, other than their own statements, which were not supported by sufficient medical evidence (*see Colon v Bernabe*, 65 AD3d 969, 970-971 [2009]; *Nelson v Distant*, 308 AD2d 338, 340 [2003]). Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.