■ Domingo Canelo et al., Respondents, v Genolg Transit, Inc., et al., Appellants. [919 NYS2d 27]—

Defendants established their entitlement to summary judgment dismissing the 90/180-day claim based upon, inter alia, plaintiff's deposition testimony that he had not been confined to bed and did not miss work following the accident (*see Lopez v Abdul-Wahab*, 67 AD3d 598 [2009]). Plaintiff failed to raise a triable issue of fact as to whether he was incapacitated from performing all of his usual and customary activities for at least 90 out of 180 days following the accident.

The failure of defendants' experts to review plaintiff's medical records does not require denial of defendants' motion with regard to the claim of permanent injury (*see DeJesus v Paulino*, 61 AD3d 605, 607 [2009]). The record establishes that defendants' neurologist detailed the specific objective tests he used in his personal examination of plaintiff, which revealed full range of motion, and their radiologist found, upon review of plaintiff's MRI films, no evidence of disc bulging or herniation.

In opposition, plaintiff failed to raise a triable issue of fact. Although plaintiff's radiologist opined that plaintiff suffered permanent injuries that were caused by the car accident, and provided quantifications for loss in range of motion, he failed to address the findings of defendants' radiologist that plaintiff's spinal condition was the result of preexisting degenerative changes (*see Delfino v Luzon*, 60 AD3d 196, 198 [2009]). Plaintiff's expert also failed to address plaintiff's prior motor

vehicle accident in which he injured his cervical and lumbar spine, which renders his conclusion as to causation speculative (*see Zhijian Yang v Alston*, 73 AD3d 562, 563 [2010]). Furthermore, plaintiff's treating physician failed to quantify any loss in the ranges of motion of the cervical spine at plaintiff's last examination, and the physician's finding of a 9% cervical disability and a 10% lumbar disability were not of sufficient magnitude to qualify as a "significant" or "important" limitation of use (*see Arrowood v Lowinger*, 294 AD2d 315, 316 [2002]; *Bandoian v Bernstein*, 254 AD2d 205 [1998]). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.