**Velez v Fabian**

2025 NY Slip Op 32008(U)

June 5, 2025

Supreme Court, New York County

Docket Number: Index No. 155502/2021

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JAMES G. CLYNES                              PART                22M

                                    *Justice*

------------------------------------------------------------------X

MIRIAM E. VELEZ,

                          Plaintiff,

                - v -

JOSEPH RAFAEL FABIAN, RAFAEL FABIAN

                          Defendants.

------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 155502/2021 |
| MOTION DATE | 10/06/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

Upon the foregoing documents, the motion by Defendants for summary judgment pursuant to CPLR 3212 to dismiss the Complaint on the grounds that Plaintiff did not sustain a serious injury under Insurance Law 5102 (d) is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a March 9, 2019 motor vehicle accident between Plaintiff and a vehicle owned by Defendant Rafael Fabian and operated by Defendant Joseph Rafael Fabian. Plaintiff's Bill of Particulars alleges injuries to her cervical spine, right shoulder, and that she was confined to her bed and home intermittently from the date of the accident until present and continuing.

In support of their motion, Defendants rely on the examination before trial of Plaintiff and the independent medical exam report by Dr. Dana A. Mannor, orthopedic surgeon.

Plaintiff testified that she was confined to her home for about one hour after the accident and went to work that Monday. She further testified that she can no longer clean or do her laundry, drive with her right hand, swim, or raise her hand high.

Dr. Mannor examined Plaintiff on February 23, 2022 and concluded that Plaintiff's cervical spine sprain/strain and right shoulder sprain/strain had resolved. Dr. Mannor measured Plaintiff's range of motion with a goniometer and compared her findings to normal values based on AMA

155502/2021   VELEZ, MIRIAM E. vs. FABIAN, JOSEPH RAFAEL
Motion No. 001

Page 1 of 6

Guidelines. As to Plaintiff's cervical spine, Dr. Mannor reported full active and passive range of motion and negative orthopedic tests. Specifically, Dr. Mannor reported flexion to 50 degrees (50 degrees normal), extension to 60 degrees (60 degrees normal), right lateral flexion to 45 degrees (45 degrees normal) and left lateral flexion to 45 degrees (45 degrees normal), and right rotation to 80 degrees (80 degrees normal) and left rotation to 80 degrees (80 degrees normal). She also noted no atrophy, deformity, or soft tissue swelling.

As to Plaintiff's right and left shoulders, Dr. Mannor reported full active and passive range of motion and negative orthopedic tests, including Neer, Hawkins, and O'Brien's tests for both shoulders. Specifically, as to Plaintiff's left shoulder, Dr. Mannor reported forward flexion to 180 degrees (180 degrees normal), extension to 40 degrees (40 degrees normal), abduction to 180 degrees (180 degrees normal), adduction to 30 degrees (30 degrees normal), internal rotation to 80 degrees (80 degrees normal), and external rotation (with the arm in 0 degrees of abduction) to 90 degrees (90 degrees normal). As to Plaintiff's left shoulder, Dr. Mannor measured forward flexion to 180 degrees (180 degrees normal), extension to 40 degrees (40 degrees normal), abduction to 180 degrees (180 degrees normal), adduction to 30 degrees (30 degrees normal), internal rotation to 80 degrees (80 degrees normal), and external rotation (with the arm in 0 degrees of abduction) to 90 degrees (90 degrees normal). Dr. Mannor found no evidence of orthopedic disability and reported that Plaintiff is capable of working without restrictions.

In opposition, Plaintiff contends that Defendants' motion must be denied because Defendants failed to attach a copy of Plaintiff's Summons and Verified Complaint as well as the Verified Answer pursuant to CPLR 3212. Plaintiff relies, in pertinent part, on certified hospital records from Mount Sinai Beth Israel, medical records and an affirmation by Dr. Avraham Henoch, the affirmed reports by Dr. Giulio Caruse, the affirmation and treatment records by Dr. Sualane Do Ouro, the affirmation and treatment records of Dr. Norman Pennington, the affirmed report of Dr. Irving Friedman, and Plaintiff's affidavit.

The certified hospital records show that Plaintiff arrived at the hospital on the date of the accident and reported pain to her right shoulder.

155502/2021  VELEZ, MIRIAM E. vs. FABIAN, JOSEPH RAFAEL
Motion No. 001

Page 2 of 6

2 of 6

Dr. Henoch affirms that he treated Plaintiff for the injuries she sustained as a result of the subject accident. He affirms that he first examined Plaintiff on March 11, 2019, measured her range of motion with a hand-held goniometer with normal ranges based on AMA Guidelines, and reported limitation in the range of motion to Plaintiff's cervical spine and right shoulder. Specifically, Dr. Henoch reported cervical flexion 35° (50 degrees normal), extension 25° (60 degrees normal), right lateral bending 20° (45 degrees normal), left lateral bending 28° (45 degrees normal), right lateral rotation 28° (80 degrees normal), extension and left lateral rotation 35° (80 degrees normal), and a moderate positive Sperling's test. As to Plaintiff's right shoulder, Dr. Henoch reported anterior flexion 135° (180 degrees normal), abduction 135° (180 degrees normal), adduction 32° 30 degrees normal), and a moderate positive empty can test. Dr. Henoch also reviewed the MRI images and agreed with the diagnoses set forth in the MRI reports.

Dr. Henoch further affirms with a reasonable degree of medical certainty that Plaintiff suffered injuries in the subject motor vehicle accident that rendered her partially disabled and prevented her from performing activities of daily living for not less than 90 days during the 180 days immediately following the accident, and that those injuries are permanent in nature.
He also read Dr. Mannor's report and affirms that he disagrees with Dr. Mannor's impression as stated in her report regarding the cervical spine and right shoulder.

Dr. Caruso performed a Electrodiagnostic/Nerve Conduction Velocity examination on April 18, 2019 and reported cervical derangement with C3-4, C4-5, C5-6, C6-7 disc herniations, paresthesia, subacute myalgia, and traumatic injury to the right shoulder. He concluded based on Plaintiff's history and his clinical findings that there is a direct causal relationship between Plaintiff's injuries and the subject accident. He reported that Plaintiff has since returned to work but experiences limitation.

Dr. Do Ouro affirms that he first examined Plaintiff on July 9, 2019 and he observed objective evidence of severe impairment to her cervical spine and right shoulder. Dr. Do Ouro concluded that the subject accident "was a competent producing cause" of Plaintiff's injuries, symptoms, and limitations. He further affirms that he reviewed the MRI films and concluded that the pathologies reflected were not the product of any degenerative or pre-existing condition in

155502/2021   VELEZ, MIRIAM E. vs. FABIAN, JOSEPH RAFAEL
Motion No. 001

Page 3 of 6

3 of 6

Plaintiff's cervical spine and right shoulder but, rather, are directly attributable to the subject accident.

Dr. Pennington affirmed that Plaintiff underwent MRI testing on April 20, 2019 and that he reviewed the MRI films. In his MRI reports, Dr. Pennington noted disc herniations at various levels of the cervical spine. As to Plaintiff's right shoulder, Dr. Pennington noted a partial thickness interstitial tear in the anterior aspect of the distal supraspinatus tendon, a SLAP tear, and minimal joint effusion.

Dr. Friedman conducted a neurologic and medical assessment of Plaintiff on June 17, 2024 and reviewed Plaintiff's relevant medical records. Dr. Friedman concluded that Plaintiff remains with a significant and painful disability, i.e. at the cervical spine and right shoulder. She has restricted range of motion, localized spasm and radicular symptoms of the right upper extremity and that her injuries are a direct result of and causally related to the subject accident.

In her affidavit, Plaintiff outlines her course of treatment and avers that she treated continuously and uninterrupted beginning on March 11, 2019. She further avers that she stopped treating on July 30, 2020 because she was informed that her no-fault benefits were closed and to continue receiving treatments she would have to pay out of pocket. She avers that she suffers from neck and shoulder pain on a daily basis, can no longer clean, do laundry, and that the pain is aggravated by lifting objects. She also avers that she had never injured her neck or right shoulder prior to this accident.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v New York University Medical Center*, 64 NY2d 851, 853 [1985]). Once this showing has been made, the burden shifts to the non-moving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution (*Licari v Elliott*, 57 NY2d 230 [1982]). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad* at 853 [1985]). A defendant seeking summary judgment on the ground that a plaintiff's negligence claim is barred by the No-Fault Insurance Law bears the initial burden of establishing

155502/2021  VELEZ, MIRIAM E. vs. FABIAN, JOSEPH RAFAEL
Motion No. 001

Page 4 of 6

a prima facie case that the plaintiff did not sustain a "serious injury" (*Toure v Avis Rent a Car Systems Inc*, 98 NY2d 345, 352 [2002]).

As an initial matter, although CPLR 3212 (b) requires that a motion for summary judgment be supported by copies of the pleadings, the court has discretion to overlook the procedural defect of missing pleadings when the record is sufficiently complete (*Washington Realty Owners, LLC v 260 Washington St., LLC*, 105 AD3d 675 [1st Dept 2013]). Although Defendants failed to include the pleadings with their motion, this error will be overlooked, as the pleadings were filed electronically and thus were available to the parties and the Court (*Studio A Showroom, LLC v Yoon*, 99 AD3d 632 [1st Dept 2012] [the court properly overlooked error where the pleadings were filed electronically and were available for the court's consideration]).

Here, Defendants have established prima facie entitlement to summary judgment. In opposition, Plaintiff raises triable issues of fact as to the existence of a serious injury except with respect to the 90/180 days category of serious injury. Plaintiff testified that she went to work the Monday following the accident. The affirmations of Plaintiff's physicians regarding this claim were insufficient to raise a triable issue of fact as they failed to provide objective admissible evidence of the persistence of Plaintiff's injury during the relevant statutory period (*Copeland v Kasalica*, 6 AD3d 253 [1st Dept 2004] [ where the plaintiff testified that he was not confined to bed at all, stayed home for just two weeks following the accident, and missed one month of school, the Court found that home and bed confinement for less than the prescribed period demonstrates a lack of serious injury under the 90/180 days category]). To the extent that there may have been a gap in Plaintiff's treatment, that purported gap is not fatal to Plaintiff's claim where, as here, Plaintiff explained that his insurance would not cover his treatment anymore (*Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905 [2013]; *Nwanji v City of NY*, 190 AD3d 650 [1st Dept 2021]). As such, Plaintiff has raised a sufficient issue of fact to preclude summary judgement in favor of Defendants (*see generally Toure*, 98 NY2d 345). The motion is denied. Accordingly, it is

**ORDERED** that the motion by Defendants for summary judgment and dismissal of Plaintiff's complaint on the grounds that Plaintiff cannot meet the serious injury threshold

155502/2021  VELEZ, MIRIAM E. vs. FABIAN, JOSEPH RAFAEL
Motion No. 001

Page 5 of 6

requirements under Insurance Law Section 5102 (d) is DENIED except as to the 90/180 days claim; and it is further

ORDERED that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

ORDERED that within 30 days after entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

| __6/5/2025__ | | |
|---|---|---|
| DATE | | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**155502/2021  VELEZ, MIRIAM E. vs. FABIAN, JOSEPH RAFAEL**
Motion No. 001

Page 6 of 6