(January 20, 2009)

■ GARY NORFLEET, Respondent, v DEME ENTERPRISE, INC., et al., Appellants. [870 NYS2d 783]—

Order, Supreme Court, Bronx County (Howard H. Sherman,

J.), entered on or about January 25, 2008, which denied defendants' motion for summary judgment dismissing the complaint, affirmed, without costs.

We reject defendants' argument that plaintiff's chiropractor failed to satisfactorily address their radiologist's conclusions relating to his opinion that plaintiff's condition is due to preexisting, degenerative changes, where plaintiff's chiropractor specifically opined that plaintiff's injuries may contribute to "future degenerative processes" and that the trauma sustained in the accident "was the competent producing factor of the . . . injuries" (*see Hammett v Diaz-Frias*, 49 AD3d 285 [2008]), and where defendants' radiologist's conclusions were couched in equivocal terms such as "most likely degenerative" and "may be degenerative." We have considered defendants' other arguments and find them unavailing. Concur—Lippman, P.J., Buckley, Sweeny and Renwick, JJ.

Andrias, J., dissents in a memorandum as follows: Plaintiff's chiropractor failed to address or even mention the findings of defendants' radiologist that plaintiff's alleged injuries were degenerative in nature. Thus, his opinion was speculative, requiring dismissal of the complaint on the ground of lack of causation. Accordingly, I would reverse and grant defendants' motion for summary judgment dismissing the complaint.

Contrary to the majority's characterization, defendants' radiologist's use of the words "most likely" and "may" in explaining his opinion that plaintiff's cervical spine pathology, as shown on an MRI taken five weeks after the accident, was degenerative in etiology, does not render his opinion equivocal or speculative, and his report served to put causation in issue (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]). The radiologist's conclusions, characterized by the motion court as "suggestive rather than dispositive," were accompanied by his observation of "[d]egenerative disc dehydration . . . at each level from C2-3 through C6-7." He stated that some of these protrusions, namely, the "broad based midline posterior" ones at C4-5, C3-4 and C5-6, "are associated with degenerative disc dehydration at these levels" and thus are "most likely" degenerative in etiology. Moreover, the "protrusion/herniation" at C6-7, while "more asymmetric" and thus "of more indeterminate age and etiology" "may be degenerative in nature as well." But, in any event, the radiologist observed, "there is no associated spinal cord compression or significant compromise of the neural foramen at C6-7 and, as such, the finding would not be expected to result in a neurologic deficit clinically." Furthermore, a "straightening of the cervical lordosis" that is "nonspecific," as here, "frequently accompanies degenerative disc disease."

On the other hand, while plaintiff's chiropractor quantified plaintiff's limitations of motion and concluded that they were significant, he failed to address, let alone refute, defendants' evidence of a preexisting degenerative condition. His statement that any injury to the disc and annulus "may contribute to future degenerative processes" and eventually "accelerate the degenerative process" is insufficient to explain why he ruled out or failed to address the foregoing findings of defendants' radiologist that plaintiff's alleged injuries were degenerative in nature, and rendered his opinion that they were caused by the accident speculative (*see Gorden v Tibulcio*, 50 AD3d 460, 464 [2008]). Thus, there is no objective basis for concluding that plaintiff's injuries are attributable to the subject accident rather than to the degenerative condition (*see Jimenez v Rojas*, 26 AD3d 256, 257 [2006]) and the complaint should have been dismissed on the ground of lack of causation (*see Pommells v Perez*, 4 NY3d at 579-580; *DeLeon v Ross*, 44 AD3d 545, 545 [2007]).