CRISTOBAL ALICEA, Appellant, v TROY TRANS, INC., et al., Respondents. [875 NYS2d 71]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered December 24, 2007, which granted defendants' motion for summary judgment dismissing the complaint for lack of a serious injury as required by Insurance Law § 5102 (d), unanimously affirmed, without costs.

The affirmed medical report of defendants' physician stating, inter alia, that he examined plaintiff on August 24, 2006 and found no objective clinical evidence of the injuries alleged in plaintiff's bill of particulars, nor any evidence of limited range of motion or other residual injury as a result of the accident of October 26, 2005, sufficed to show, prima facie, that plaintiff did not sustain a permanent or significant limitation as a result of the October 26, 2005 accident (*see Nagbe v Minigreen Hacking Group*, 22 AD3d 326, 326 [2005]). We decline to consider,

because improperly raised for the first time on appeal, plaintiff's argument that the physician's affirmation was rendered deficient by his acknowledgment that he did not receive or review medical records and diagnostic films (see *Vasquez v Reluzco*, 28 AD3d 365, 366 [2006]). Summary judgment was properly granted because plaintiff's opposition failed to adduce evidence of a limitation of range of motion based on objective medical findings made within a reasonable time after the accident (see *Thompson v Abbasi*, 15 AD3d 95, 99 [2005]; *Toulson v Young Han Pae*, 13 AD3d 317, 319 [2004]). The report of the physician who examined plaintiff five days after the accident, on October 31, 2005, may not be considered for this purpose because it was not sworn or affirmed (see *Toulson*; *Petinrin v Levering*, 17 AD3d 173, 174 [2005]).

In any event, we would reach the same conclusion even if we were to consider this physician's report, the records of the hospital to which plaintiff was taken after the accident, the unsworn MRI reports taken within two weeks of the accident, the unsworn report of the surgeon who operated on plaintiff's shoulder on January 24, 2006, the unsworn "follow-up examination" dated February 23, 2006, and the affidavit of the physician who examined plaintiff on January 29, 2007. While these materials show continuing complaints of pain, a shoulder tear, shoulder surgery, and bulging and herniated discs in the cervical and lumbar spine, they do not contain a contemporaneous quantitative or qualitative assessment of the extent and duration of resulting range-of-motion limitations (see *Nagbe*, 22 AD3d at 326; *Thompson*, 15 AD3d at 97-98; *Arjona v Calcano*, 7 AD3d 279 [2004]). Such assessment is required even where there has been surgery (see *Danvers v New York City Tr. Auth.*, 57 AD3d 252 [2008]). The physician's affidavit fails in this respect because it merely describes tests that were performed in the past, and provides no specific, objective evidence of how the doctor arrived at his findings of limited range of motion at the time of his examination, or why he attributed the limitations to the accident (see *Bent v Jackson*, 15 AD3d 46, 49 [2005]).

Plaintiff's bill of particulars alleging that he stayed home from work for only two weeks after the accident establishes defendants' entitlement to summary judgment on plaintiff's 90/180-day claim (see *Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [2008]). Concur—Tom, J.P., Moskowitz, Renwick and Freedman, JJ.