■ VISHNU CHINTAM, Respondent-Appellant, v JOSLIN FENELUS, Appellant-Respondent. [886 NYS2d 14]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 3, 2009, which denied defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to dismiss plaintiff's claims of injury to his lumbar spine and a significant disfigurement, and otherwise affirmed, without costs.

Defendant established prima facie, through her experts' affirmations reporting the results of the objective tests they performed, that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]), notwithstanding the experts' failure to review the MRI and EMG reports (*see Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [2008]; *Style v Joseph*, 32 AD3d 212, 214 [2006]).

In opposition, plaintiff presented sufficient evidence to raise an issue of fact as to the existence of a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). His treating physician's affirmation reported, based on objective tests, losses of range of motion in his cervical and lumbar spine and in his right ankle (*see Toure*, 98 NY2d at 352-353). However, as to his claimed lumbar spine injury, plaintiff failed to present sufficient evidence to meet defendant's assertion of lack of causation, which arose from plaintiff's own deposition testimony admitting a prior work-related injury to his lower back, with "positive" X ray (*see Brewster v FTM Servo, Corp.*, 44 AD3d 351, 352 [2007]). Plaintiff's physician's assertion that the prior injury had resolved before the automobile accident was conclusory, made apparently in reliance solely on plaintiff's statements, and not substantiated by any medical or objective evidence (*see DeSouza v Hamilton*, 55 AD3d 352 [2008]). As the evidence of this prior injury to his lumbar spine was plaintiff's own "persuasive" admission, defendant was not required to submit medical records of the injury (*see Linton v Nawaz*, 62 AD3d 434, 442-443 [2009]).

Defendant's argument that plaintiff failed to explain the more-than-one-year gap in his treatment (*see Pommells v Perez*, 4 NY3d 566, 572, 574 [2005]) is unpreserved and not properly considered on appeal, as defendant did not raise the issue of the treatment gap in the motion court, where plaintiff might have offered evidence to explain the gap.

While the court's order appears to deny defendant's motion in its entirety, its discussion makes clear that the court found that plaintiff failed to raise an issue of fact whether the scar above his right eyebrow is a "significant disfigurement" within the meaning of the statute. Upon our review of the photograph in the record, we concur (*see Hutchinson v Beth Cab Corp.*, 207 AD2d 283, 283-284 [1994]). Concur—Tom, J.P., Sweeny, Mc-Guire, DeGrasse and Freedman, JJ.