■ MELANIE M. COLON, Appellant, v BERNARDIN GUTIERR BERNABE et al., Respondents. [886 NYS2d 376]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered November 3, 2008, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d), unanimously modified, on the law, to the extent of denying defendants' motion in part and reinstating plaintiff's claims that she sustained a permanent consequential limitation of use of a body organ or member and/or a significant limitation of use of a body function or system, and remanding the matter for a determination of that prong of defendants' motion for summary judgment dismissing the action as against defendant Salem Truck Leasing, Inc. (Salem) and on plaintiff's cross motion to amend the complaint to assert a negligent entrustment claim as against Salem, and otherwise affirmed, without costs.

Defendants established a prima facie entitlement to summary judgment by submitting the affirmed reports of an orthopedic surgeon and a neurologist who, after conducting independent examinations of plaintiff, concluded that plaintiff had full range of motion in her neck, back and upper and lower extremities, and suffered from no neurological disability. Defendants also submitted the affirmed report of a radiologist, who, upon reviewing plaintiff's MRI films and CT scan, concluded that the disc bulges and/or herniations revealed through those tests were consistent with degenerative disc disease and not caused by the automobile accident at issue. Defendants also submitted plaintiff's deposition testimony, where she stated that she returned to work within two or three days of the accident.

Contrary to the determination of the motion court, plaintiff's opposition raised triable issues of fact that she sustained a serious injury. The affidavit of plaintiff's treating chiropractor contains objective, quantitative evidence with respect to diminished range of motion in the cervical and lumbar spine based on testing performed both immediately after the accident and then again, approximately 20 months after the accident. The chiropractor's range of motion findings conflict with those of defendants' expert, who found no restriction in range of motion, and thus, raise an issue of fact as to whether plaintiff sustained a significant limitation in use or permanent consequential limitation of use of her cervical and lumbar spine. Plaintiff's MRIs also showed bulging and herniated discs in the cervical and lumbar spine and the EMG studies revealed radiculopathies. Evidence of range of motion limitations, especially when coupled with positive MRI and EMG test results, are sufficient to defeat summary judgment (see Wadford v Gruz, 35 AD3d 258 [2006]; Brown v Achy, 9 AD3d 30 [2004]).

Plaintiff also submitted sufficient evidence to raise a triable issue of fact as to whether her serious injury was causally related to the accident. In response to the findings of defendants' expert that the disc bulges and/or herniations were consistent with degenerative disease, plaintiff's experts stated, based upon objective medical testing and their physical examinations of plaintiff, who was 22 years old at the time of the accident and had never sustained any injury to her back either before or after the accident, that the injuries were causally related to the accident (see June v Akhtar, 62 AD3d 427 [2009]).

Plaintiff did, however, fail to raise a triable issue of fact with respect to the 90/180-day prong of Insurance Law § 5102 (d). Plaintiff's self-serving assertions in her affidavit that her ability to do everyday activities has been significantly limited, are insuf-

ficient without any objective medical evidence to substantiate her claims (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]). Furthermore, plaintiff testified that she returned to work within two or three days of the accident (*see Ronda v Friendly Baptist Church*, 52 AD3d 440, 441 [2008]).

Having concluded that a portion of plaintiff's claims should be reinstated, the issues of whether the action should be dismissed as against Salem pursuant to the Graves Amendment (49 USC § 30106), and whether plaintiff's cross motion to amend the complaint to assert a negligent entrustment claim as against Salem, become viable. Since the motion court did not make a determination on these issues, they are remanded to that court for a determination in the first instance. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ.