■ Byong Yol Yi, Respondent, v Mateo Canela, Appellant. [895 NYS2d 397]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered on or about July 10, 2009, which denied defendant's motion for summary judgment dismissing the complaint for lack of serious injury, unanimously modified, on the law, to dismiss the 90/180-day claim and the claim for permanent loss of use, and otherwise affirmed, without costs.

Defendant met his initial burden of proof, even though only one of his doctors addressed plaintiff's MRIs and neither of them addressed the reports of plaintiff's chiropractor (*see DeJesus v Paulino*, 61 AD3d 605, 607 [2009]; *see also Chintam v Fenelus*, 65 AD3d 946, 947 [2009]). Defendant made a prima facie showing of entitlement to summary judgment on plaintiff's 90/180-day claim by pointing to plaintiff's deposition testimony that he was not confined to bed and home and returned to work within the first 90 days following his accident (*see e.g. Alloway v Rodriguez*, 61 AD3d 591, 592 [2009]).

In opposition, plaintiff raised a triable issue of fact except as to his 90/180-day and permanent loss claims. Although one of

defendant's doctors opined that the changes shown in plaintiff's cervical and lumbar discs were age related, plaintiff's doctor opined that there was a causal relationship between the subject accident and plaintiff's neck and back pain (*see Colon v Bernabe,* 65 AD3d 969, 970 [2009]; *Norfleet v Deme Enter., Inc.,* 58 AD3d 499, 500 [2009]). Plaintiff did not rely solely on MRIs showing bulging and herniated discs, as his doctor also performed straight-leg raising tests, which constitute "objective evidence of serious injury" (*Brown v Achy,* 9 AD3d 30, 32 [2004]). While plaintiff's doctor did not quantify all the limitations in plaintiff's ranges of motion, his report was sufficient on a qualitative basis (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 353 [2002]). The affirmed report of plaintiff's doctor was admissible, even though it relied in part on the unsworn reports of another doctor who read plaintiff's MRIs (*see Rivera v Super Star Leasing, Inc.,* 57 AD3d 288 [2008]; *see also Pommells v Perez,* 4 NY3d 566, 577 n 5 [2005]).

Defendant's arguments that plaintiff's doctor did not show limitations in plaintiff's spine contemporaneous with the 2006 accident and that there was a gap in treatment are unpreserved, and we decline to consider them (*see e.g. Chintam,* 65 AD3d at 947; *Alicea v Troy Trans, Inc.,* 60 AD3d 521, 521-522 [2009]).

Plaintiff failed to raise a triable issue of fact as to his 90/180-day claim. He testified that he was not confined to bed and home and that he returned to work within the first month after the accident (*see Colon,* 65 AD3d at 971; *Alicea,* 60 AD3d at 522). He also failed to raise a triable issue of fact as to his claim that he sustained a permanent loss of use of a body organ, member, function or system. Such loss must be total (*see Oberly v Bangs Ambulance,* 96 NY2d 295, 299 [2001]), and the report of plaintiff's doctor showed that plaintiff sustained limitations, but not a total loss of use.

We have considered defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.