■ DELORIS BROWNE et al., Plaintiffs, and LAVERN BROWNE, Respondent, v JOSEPH A. COVINGTON, Appellant. [918 NYS2d 36]—

Supreme Court properly determined that Lavern Browne raised an issue of fact with respect to whether she suffered a serious injury insofar as the claims are premised upon her "permanent consequential limitation of use" and "significant limitation of use" of her spine, right shoulder, and left ankle (Insurance Law § 5102 [d]).

That portion of defendant's argument premised upon the alleged gap in Lavern Browne's treatment with Dr. Opam is unpreserved and, additionally, unavailing (*see Byong Yol Yi v Canela*, 70 AD3d 584, 585 [2010]). The fact that the same physician also examined her in January 2010 does not, as defendant contends, constitute an unexplained gap in treatment which somehow vitiates the probative value of the physician's affirmation. The record demonstrates that "the so-called gap in treat-

ment was, in reality, a cessation" of that doctor's treatment, not all treatment (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). Even a "cessation of all treatment" would not necessarily be dispositive, and, in any event, Browne offered a sufficient explanation in her affidavit in opposition to defendant's cross motion—her no-fault benefits were denied (*id.; see Peluso v Janice Taxi Co., Inc.*, 77 AD3d 491, 492 [2010]; *Delorbe v Perez*, 59 AD3d 491, 492 [2009]).

Defendant's argument that the treating physician's handwritten reports have no probative value because they did not "compare the reported degrees of loss of range of motion to normal values" has been raised for the first time on appeal and, therefore, is unpreserved for review (*see Alicea v Troy Trans, Inc.*, 60 AD3d 521, 521-522 [2009]). Regardless, it is unpersuasive because the physician's affirmation, which Browne submitted in opposition to defendant's cross motion, clearly sets forth the normal ranges of motion for each and every allegedly injured body part and "ascribe[s] a specific percentage to the loss of range of motion" in each of those parts (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). This comparison is sufficient to raise a question of fact regarding Browne's loss of range of motion for the purposes of her "permanent consequential limitation of use" and "significant limitation of use" claims (Insurance Law § 5102 [d]).

However, defendant made a prima facie showing that Lavern Browne was not prevented from performing substantially all of her customary and daily activities for 90 of the 180 days immediately following the accident by submitting the affirmed report of an examination conducted approximately two months after the accident. Lavern Browne's subjective complaints fail to raise a material issue of fact and, to the extent that her doctor's affirmation purports to address the 90/180-day claim, it merely offers an unavailing conclusory recitation of the statutory language (*see Rosa-Diaz v Maria Auto Corp.*, 79 AD3d 463, 463 [2010]; *Ortiz v Ash Leasing, Inc.*, 63 AD3d 556, 557 [2009]). Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.