■ ALLEN J. DENNIS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [923 NYS2d 473]—

Order, Supreme Court, Bronx County (Stanley B. Green, J.), entered January 15, 2010, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the motion denied, except as to plaintiff's 90/180-day claim, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain a serious injury as a result of the accident. Defendants submitted affirmed reports of an orthopedist and neurologist reporting normal ranges of motion in all tested body areas, specifying the objective tests they used to arrive at the measurements, and concluding that plaintiff's injuries were resolved (*see DeJesus v Paulino*, 61 AD3d 605 [2009]; *Christian v Waite*, 61 AD3d 581 [2009]).

In opposition, plaintiff raised a triable issue of fact. He submitted affirmed reports of a radiologist who found bulging discs in the cervical and lumbar spine and a herniated disc in the cervical spine, as well as medical findings of limitations in range of motion of the cervical and lumbar spine, both recently and contemporaneous with his accident (*see Rivera v Super Star Leasing, Inc.*, 57 AD3d 288 [2008]; *see also Simpson v Montag*, 81 AD3d 547, 548 [2011]). The affirmations "under penalties of perjury" sufficiently complied with the requirements of CPLR 2106 (*see generally Collins v AA Truck Renting Corp.*, 209 AD2d 363 [1994]). Furthermore, plaintiff adequately explained that he ceased physical therapy when his no-fault benefits were no longer available (*see Jacobs v Rolon*, 76 AD3d 905, 906 [2010]).

However, plaintiff's deposition and bill of particulars, in which he admitted that he was not confined to bed or home, refute his 90/180-day claim (*see Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522 [2010]). Concur—Mazzarelli, J.P., Sweeny, Acosta, Renwick and DeGrasse, JJ.