◼ MIGUEL DURAN, Respondent, v JEONG HOY, Appellant. [932 NYS2d 484]—

Defendant made a prima facie showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Defendant submitted affirmed reports of an orthopedist and neurologist reporting normal ranges of motion in all tested body areas, specifying the objective tests they used to arrive at the measurements, and concluding that plaintiff's injuries were resolved (*see De La Cruz v Hernandez*, 84 AD3d 652 [2011]).

In opposition, plaintiff raised a triable issue of fact, except with respect to his 90/180-day claim. Plaintiff submitted the sworn report of his treating chiropractor who attested that he performed objective tests and found limitations in range of motion of the cervical spine both recently and shortly after the accident (*see Dennis v New York City Tr. Auth.*, 84 AD3d 579 [2011]; *Colon v Bernabe*, 65 AD3d 969, 970 [2009]). The minor alterations in the report do not render it unreliable and may be explored by the parties at trial (*cf. Braham v U-Haul Co.*, 195

AD2d 277 [1993]). Plaintiff also submitted an MRI report, which was affirmed by a radiologist, noting disc herniations in plaintiff's cervical spine, as well as the affirmed report of a neurologist who found range-of-motion limitations in plaintiff's cervical spine.

Plaintiff's 90/180-day claim should have been dismissed because he asserted in his deposition testimony and bill of particulars that he was confined to bed or home for only a few weeks after the accident (*see Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522, 522-523 [2010]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, De-Grasse, Freedman and Manzanet-Daniels, JJ.