■ MAYRA BONILLA et al., Respondents, v MOHAMMED ABDULLAH et al., Appellants. [933 NYS2d 682]—

The record demonstrates that, as defendant Gooden was operating his SUV on Seventh Avenue South, a taxi owned by defendant Solomon and operated by defendant Abdullah cut in front of him from his left, turned right, and caused a collision between the two vehicles at the intersection of Seventh Avenue South and Charles Street. The taxi continued on toward Charles Street, where plaintiffs Mayra and Michael Bonilla were crossing. Michael "yanked" Mayra out of the way of the oncoming cab, which caused her to trip on the sidewalk.

Plaintiffs' cross motion should have been denied, since issues of fact exist as to proximate causation. Defendant Gooden, however, failed to make a prima facie showing of entitlement to judgment as a matter of law. Indeed, his deposition testimony that he saw the taxi five to six seconds before impact raises issues of fact as to whether he was confronted with an emergency and acted prudently under the circumstances (see *Dayong Liu v Peng Cheng*, 82 AD3d 405, 405-406 [2011]; *Trevino v Castro*, 256 AD2d 6 [1998]).

Defendants made a prima facie showing that the injured plaintiff did not sustain a serious injury as a result of the accident. Indeed, defendants submitted the affirmed reports of an orthopedist finding normal ranges of motion in plaintiff's knees and lumbar spine and concluding that any injuries had resolved (*Dennis v New York City Tr. Auth.*, 84 AD3d 579 [2011]). Defendants also submitted the affirmed report of their radiologist who, upon reviewing plaintiff's MRI film, opined that there was preexisting degenerative disc disease in the lumber spine (*Colon v Bernabe*, 65 AD3d 969, 970 [2009]).

In opposition, plaintiffs raised triable issues of fact as to whether the injured plaintiff sustained a significant or permanent consequential limitation of use of her knees and lumbar spine (see Insurance Law § 5102 [d]). The affidavit of plaintiff's treating orthopedist contains objective, quantitative evidence of range-of-motion deficits in the lumbar spine and knees based on testing performed both immediately and approximately two years after the accident. These range-of-motion findings conflict with those of defendants' experts, who found no restrictions in range of motion. Evidence of range-of-motion limitations, especially when coupled with positive MRI test results, are sufficient to defeat summary judgment (see *Colon*, 65 AD3d at 970). Additionally, plaintiff's expert adequately addressed defendants' claims of preexisting degenerative disease by attributing the cause of plaintiff's injuries to the accident and noting that she was asymptomatic before the accident (see *Byong Yol Yi v Canela*, 70 AD3d 584, 584-585 [2010]). Plaintiff adequately

explained the gap in treatment by asserting in her affidavit that she stopped receiving treatment for her injuries when her no-fault insurance benefits were cut off (*see Browne v Covington*, 82 AD3d 406, 407 [2011]).

Plaintiffs' 90/180-day claim, however, should have been dismissed. The injured plaintiff alleged in her bill of particulars that she was confined to bed and home for only a few weeks immediately following the accident. Although she alleged that she was confined to bed for two weeks and home for two months immediately following her surgery, she asserted in her affidavit that she was home for only two weeks after her surgery (*see Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522, 523 [2010]). Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.