*516 Plaintiff, who was 27 years old at the time of the accident, alleges she suffered serious injuries as the result of an accident that occurred on November 26, 2007, when the car she was driving was struck by a bus owned by defendant MTA Bus Company.
As to the alleged cervical spine and lumbar spine injuries, defendants met their initial burden by relying on plaintiffs deposition testimony, where she conceded that in 2002, she injured her back and neck when she was struck by a minivan while crossing the street (see Chintam v Fenelus, 65 AD3d 946, 947 [1st Dept 2009]; Brewster v FTM Servo, Corp., 44 AD3d 351, 352 [1st Dept 2007]). In opposition, plaintiff raised an issue of fact as to those injuries by submitting the affidavit of her chiropractor, who conducted electrodiagnostic studies which revealed lumbar and cervical radiculopathy, and measured significant limitations in range of motion in every plane, contemporaneously with the 2007 accident, continuously through treatment, and recently (see Pinzón v Gonzalez, 93 AD3d 615 [1st Dept 2012]). The chiropractor adequately addressed causation by explaining that he had also treated plaintiff after her 2002 accident, and that when he released her from his care in June 2004, she had recovered and was asymptomatic. His opinion was supported by his review of MRI reports taken in 2002 and 2007, which showed that the only injury from the 2002 accident that was preexisting was a disc bulge at L5-S1, and that the subject 2007 accident had caused new injuries, namely bulging discs at C2-3, C3-4, C4-5, C6-7, L3-4, and L4-5, and a subligamentous herniation. Defendants did not submit the opinion of an expert radiologist disputing those findings, and since the unaffirmed MRIs were not the sole basis for the chiropractor’s findings, they may properly be considered in opposition to the motion (see Cruz v Rivera, 94 AD3d 576 [1st Dept 2012]; James v Perez, 95 AD3d 788 [1st Dept 2012]).
As to the claimed left knee, shoulder and hand injuries, defendants met their prima facie burden by submitting their expert orthopedist’s opinion finding a full range of motion and opining that plaintiffs knee conditions were preexisting and not *517 related to the 2007 accident (see Jno-Baptiste v Buckley, 82 AD3d 578 [1st Dept 2011]; Depena v Sylla, 63 AD3d 504, 505 [1st Dept 2009], lv denied 13 NY3d 706 [2009]; Martinez v Goldmag Hacking Corp., 95 AD3d 682, 683 [1st Dept 2012]). Plaintiff failed to raise an issue of fact since she provided no evidence of permanent limitations resulting from the accident.
Defendants failed to meet their prima facie burden as to plaintiffs 90/180-day claim, since the bill of particulars alleged that plaintiff was confined to home for four months and they did not submit medical evidence contradicting her claimed disability during that period (see Quinones v Ksieniewicz, 80 AD3d 506 [1st Dept 2011]). Concur — Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.