Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered January 31, 2012, which granted defendants Shaughnessy, Moreta, and Thomas V. Shaughnessy Construction Corp.’s and defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority and Fuentes’s motions for summary judgment dismissing the complaint as against them on the threshold issue of serious injury pursuant to Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motions as to plaintiffs Robin Windham’s and Cheryl Harper’s claims of “significant limitation of use” and “permanent consequential limitation of use” and as to Robin Windham’s and plaintiff Kimberly Windham’s 90/180-day claims, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 12, 2012, which denied Robin’s motion to renew and/or to reargue, unanimously dismissed, without costs, as academic and as taken from a nonappealable paper, respectively. Appeal from order, same court and Justice, entered October 12, 2012, which denied Kimberly, Harper, and Chandler’s motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.
This action stems from a motor vehicle accident that took place on December 6, 2004. Plaintiff Robin Windham was driving her car, with passengers plaintiffs Kimberly Windham, Cheryl Harper, and Chandler Windham. Plaintiffs allege that the car was hit hard on the left by the Shaughnessy defendants’ cement truck, and then squeezed and hit on the right side by a bus owned by defendant New York City Transit Authority. All plaintiffs allege that they suffered serious injuries as a result, and Robin and Kimberly alleged in their bill of particulars and testified that they missed about four months of work as a result of those injuries and were confined to home.
Defendants made a prima facie showing that none of the plaintiffs suffered a serious injury resulting in “significant limitation” and “permanent consequential limitation” of use (see Insurance Law § 5102 [d]). They submitted, among other things, reports by their orthopedist and neurologist, who *598 examined each plaintiff 3V2 years after the accident and found full range of motion, negative test results, and resolved sprains in all the body parts claimed to have been injured in the subject accident (see Kone v Rodriguez, 107 AD3d 537, 537 [1st Dept 2013]). They also submitted a report by a radiologist opining that Chandler’s claimed injuries were preexisting and degenerative.
In opposition, Robin raised a triable issue of fact as to the existence of a “permanent consequential” and “significant” limitation of use of her cervical and lumbar spine by submitting reports by her radiologist finding bulging and herniated discs in the MRI films of the cervical and lumbar spine, reports of electrodiagnostic studies finding radiculopathy, and reports by her treating physician showing significant reductions in range of motion in the cervical and lumbar spine starting shortly after the accident and continuing until the time of her most recent examination, seven years after the accident. Contrary to the motion court’s finding, the range of motion limitations set forth in the reports were not “so minor, mild or slight as to be considered insignificant” as a matter of law (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002] [internal quotation marks omitted]). While defendants argue that Robin did not explain gaps in treatment, she raised an issue of fact by submitting evidence that she sought treatment for recurring pain after the initial three months of treatment.
Harper raised triable issues of fact as to permanent consequential or significant limitations in use. Her treating physician’s report, which was based on a final examination as well as a review of earlier treatment records, found significant limitations in range of motion in her cervical and lumbar spine, and opined that those injuries were causally related to the subject accident (see Angeles v American United Transp., Inc., 110 AD3d 639, 640 [1st Dept 2013]). Although the MRI report showing bulging and herniated discs was not affirmed, it may be considered in opposition to summary judgment, together with Harper’s treating physician’s report, which was affirmed, because it is not the sole evidence offered, defendants’ experts acknowledged their review of the same MRI report, and defendants did not submit the opinion of an expert radiologist disputing the findings therein (see Silverman v MTA Bus Co., 101 AD3d 515 [1st Dept 2012]). As indicated, plaintiffs were not required to present proof of contemporaneous range of motion findings as a prerequisite to establishing serious injury (see Perl v Meher, 18 NY3d 208, 218 [2011]). The evidence that Harper ceased treatment when her no-fault benefits terminated consti *599 tutes at least “the bare minimum required to raise an issue regarding ‘some reasonable explanation’ for the cessation of physical therapy” (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 907 [2013]).
Kimberly failed to raise an issue of fact whether she suffered injuries resulting in “permanent consequential” or “significant” limitation of use as a result of the accident. Although she submitted medical evidence similar to Robin’s and Harper’s, she failed to present any explanation at all for her six-year gap in treatment, which amounted to a cessation of treatment, after about three months, despite her having other health insurance from her work as a public school teacher (see Merrick v Lopez-Garcia, 100 AD3d 456 [1st Dept 2012]; compare Ramkumar, 22 NY3d at 906-907).
Chandler failed to raise an issue of fact since he presented no admissible medical evidence of a “permanent consequential” or “significant” limitation of use.
Defendants failed to establish prima facie that Robin and Kimberly did not sustain “a medically determined injury or impairment of a non-permanent nature” that prevented them from performing substantially all of their customary daily activities for 90 of the 180 days immediately following the accident (see Insurance Law § 5102 [d]). If Kimberly establishes a serious injury in this category, she will be entitled to recover damages for all injuries causally related to the accident, including those that do not meet the serious injury threshold (see Rubin v SMS Taxi Corp., 71 AD3d 548, 549-550 [1st Dept 2010]).
Defendants established prima facie that Harper and Chandler did not sustain a 90/180-day injury by submitting portions of their deposition testimony showing that they did not claim to have been confined to bed or home for the requisite amount of time (see Komina v Gil, 107 AD3d 596 [1st Dept 2013]). In opposition, Harper and Chandler failed to raise a triable issue of fact since they presented no objective medical evidence to substantiate their claims (see Vasquez v Almanzar, 107 AD3d 538, 541 [1st Dept 2013]).
Our denial of defendants’ motion for summary judgment dismissing Robin’s claims renders her appeal from the denial of her renewal motion academic. In any event, the renewal motion was correctly denied since Robin failed to establish that there had been a change in the law that would change the prior determination (see CPLR 2221 [e] [2]).
No appeal lies from the denial of a motion for reargument (Belok v New York City Dept. of Hous. Preserv. & Dev., 89 AD3d 579 [1st Dept 2011]). We note that Kimberly, Harper, and *600 Chandler’s motion was identified as one seeking leave to reargue only, based upon matters of fact or law allegedly overlooked by the court in determining the prior motion (see CPLR 2221 [d] [1], [2]). Thus, Kimberly, Harper, and Chandler could not, by way of a “Supplemental Affirmation in Support” filed more than three months after the motion, convert the motion for leave to reargue to a motion for leave to renew based upon new facts not offered on the prior motion. In any event, the new evidence they proffered would not change the prior determination (see CPLR 2221 [e] [2]), and they did not provide a reasonable justification for their failure to present those facts on the prior motion (CPLR 2221 [e] [3]).
Concur — Tom, J.P., Friedman, Sweeny, Saxe and Freedman, JJ.