■ TEJWATI SEEPERSAUD, Appellant, v L&M BUS CORP. et al., Respondents. [33 NYS3d 692]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 7, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claim that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Defendants failed to meet their prima facie burden as to plaintiff's 90/180-day claim. Defendants' experts did not examine plaintiff until over three years after the accident and did not offer an opinion concerning her condition during the relevant period. Nor did defendants submit other evidence, such as medical records or deposition testimony, to disprove plaintiff's claim that she was confined to home and disabled from work during the relevant 180-day period (*see Silverman v MTA Bus Co.*, 101 AD3d 515, 517 [1st Dept 2012]; *Jeffers v Style Tr. Inc.*, 99 AD3d 576 [1st Dept 2012]; *Quinones v Ksieniewicz*, 80 AD3d 506 [1st Dept 2011]). Defendants also failed to offer evidence showing a lack of a causal connection between plaintiff's claimed physical injuries and the accident (*cf. Jimenez v Polanco*, 88 AD3d 604 [1st Dept 2011]).

In view of defendants' failure to meet their initial burden on the 90/180-day claim, plaintiff's opposition need not be reviewed (*see Boateng v Ye Yiyan*, 119 AD3d 424, 426 [1st Dept 2014]). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.